UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-22857-MC-GOODMAN

IN RE APPLICATION OF VICTOR
MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN
OBTAINING EVIDENCE IN
THIS DISTRICT

_____/

ORDER GRANTING APPLICATION
FOR JUDICIAL ASSISTANCE

Victor Mikhaylovich Pinchuk ("Pinchuk") has filed an application for *ex parte* discovery pursuant to 28 U.S.C. § 1782. [ECF Nos. 1; 3]. The Court has reviewed Pinchuk's application and other relevant portions of the record, and is otherwise fully advised in the premises. For the foregoing reasons, Pinchuk's application is **GRANTED.**

I. FACTUAL BACKGROUND

Pinchuk is the claimant in a breach of contract action pending before the London Court of International Arbitration ("LCIA") against business partners Igor Valeryevich Kolomoisky ("Kolomoisky") and Gennadiy Borisovich Bogolyubov ("Bogolyubov"). [ECF No. 1, pp. 1-4]. The breach of contract claims arise out of a dispute regarding a joint venture entered into between Pinchuk, Kolomoisky, and Bogolyubov involving

each party's individual assets in the ferroalloy industry ("Ferroyalloy Holding"). [*Id.* at pp. 2-4].

In connection with the LCIA proceedings, Pinchuk seeks to obtain discovery to be used in that action from the following "Discovery Subjects": Georgian American Alloys, Inc. ("GAA"); Felman Production; Felman Trading; CCMA (collectively, "the Corporate Discovery Subjects"); and Mordechai Korf ("Korf"), who is the President and CEO of GAA. [*Id.* at pp. 1, 5-7]. None of the Discovery Subjects are parties in the LCIA proceeding, nor are they expected to become parties. [*Id.* at p. 15]. Rather, Pinchuk believes that the Corporate Discovery Subjects are owned and/or controlled by Kolomoisky and Bogolyubov and that the discovery taken from the Discovery Subjects will prove to be relevant in the LCIA proceedings. [*Id.* at pp. 5-6].

## II.     LEGAL STANDARD

Pursuant 28 U.S.C. § 1782, a district court of the district in which a person resides or is found may order that person to give his or her "testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

A district court may – but is not required to – grant an application for judicial assistance if: (1) the request is made by a foreign or international tribunal or any interested person in the international proceedings; (2) the request seeks evidence – be it testimonial or documentary; (3) the evidence is to be used in a proceeding in a foreign or international tribunal; and (4) the person from whom discovery is sought resides or can be found in the district of the district court ruling on the application for assistance. *Intel*, 542 U.S. 241; *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007) (citing 28 U.S.C. § 1782(a)).

### III. DISCUSSION

Pinchuk's application meets all four of § 1782's requirements.

First, as the claimant in the LCIA proceedings, Pinchuk is without question an interested person within the meaning of § 1782. *Intel*, 542 U.S. at 256 (defining interested person under § 1782 to include a complainant in a foreign proceeding).

Second, Pinchuk seeks both testimonial and documentary evidence, a representative sampling of which includes: articles of incorporation and board materials; documents revealing corporate parents and shareholder identities; financial statements and related valuations and appraisals; accounts payable and receivable; trading and distribution records; and deposition testimony regarding the Corporate Discovery Subjects' businesses, beneficial owners, financial condition, and related matters. [ECF No. 1, pp. 7-9].

Third, the potential evidence obtained from the Discovery Subjects will be used in the proceedings before the LCIA, which is a covered international tribunal under § 1782. *In re Application of Winning (HK) Shipping Co., Ltd.*, No. 09-22659-MC, 2010 WL 1796579, at *6-7 (S.D. Fla. Apr. 30, 2010) (London arbitration tribunal constitutes a proceeding before a foreign tribunal within the meaning of § 1782). Likewise, the proceedings before the LCIA qualify as proceedings before a foreign tribunal under the "functional approach" framework set forth by the Eleventh Circuit.[1] [*See* ECF No. 1-1, pp. 8-15]. The Court finds that the discovery Pinchuk seeks is relevant to the claim filed with the LCIA and may aid the LCIA in adjudicating the breach of contract claims which are pending before it. Moreover, according to the supporting affidavit of Henry Forbes Smith – a barrister of England and Wales who is representing Pinchuk in the LCIA proceeding – there is no reason to believe that the LCIA would reject the discovery documents or testimony. [ECF Nos. 1, p. 16; 1-1, pp. 9-10].

Finally, each of the Discovery Subjects is either headquartered or otherwise located in this District, specifically in Miami, Florida. [*Id.* at 5; 11].

---

[1]   *See Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc.*, 685 F.3d 987, 995 (11th Cir. 2012) (characteristics to be examined of the arbital body at issue should include "whether the arbitral panel acts as a first-instance adjudicative decision maker, whether it permits the gathering and submission of evidence, whether it has the authority to determine liability and impose penalties, and whether its decision is subject to judicial review").

**IV.    CONCLUSION**

Based on the foregoing, and in light of § 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts,"[2] the Court hereby **GRANTS** Pinchuk's application, and hereby **ORDERS** as follows:

1. Pinchuk is authorized to issue and serve subpoenas on the Corporate Discovery Subjects for the production of the following documents:

   a. The articles of incorporation, by-laws, minutes, board materials, and resolution of each Corporate Discovery Subject, including any amendments thereto;

   b. An organizational chart or documents sufficient to show the directors and officers of each Corporate Discovery Subject, both at the time of incorporation and presently;

   c. A chart of or documents sufficient to show the corporate parents, subsidiaries, and any affiliates for each Corporate Discovery Subject, both at the time of incorporation and presently;

   d. Documents showing how the Corporate Discovery Subjects were and have been capitalized during the period of January 1, 2006 to the present;

---

[2] *Intel*, 542 U.S. at 252 (internal quotation marks and citation omitted).

e. Documents showing the identity of any shareholder, member, or beneficial owner of each Corporate Discovery Subject, both at the time of incorporation and presently;

f. Documents reflecting non-privileged communications by any Corporate Discovery Subject with Kolomoisky, Bogolyubov, or any of Kolomoisky or Bogolyubov's agents;

g. Documents regarding the ferroalloy business and referring to Ferroalloy Holding, Pinchuk, EastOne Group Ltd., Interpipe, Mikhail Iosifovich Spektor ("Spektor"), Mikhail Viktorovich Voevodin ("Voevodin"), or Alexander Mikhaylovich Babakov ("Babakov");

h. Quarterly and annual financial statements (including profit and loss statements, balance sheets, and statements of cash flows) for each Corporate Discovery Subject from January 1, 2006 to the present;

i. Documents reflecting internal or external valuations, appraisals, liquidation analyses, fairness or solvency opinions, or other documents concerning the value of the assets of any Corporate Discovery Subject;

j. Accounts receivable and sales revenue ledgers reflecting all sales by date from January 1, 2006 to the present;

k. Accounts payable and purchase ledgers reflecting all purchases by date from January 1, 2006 to the present; and

  l. Documents referring to Chemstar Products LLC, Empire Chemical LLC, Demeter Diversified LLC, Ferrost LLC, or Solmex LLC.

  m. Additionally, from Felman Trading, Inc.: all trading and distribution records for GAA, Felman Production LLC, CC Metals & Alloys LLC, and any other ferroalloy business beneficially owned and/or controlled by Kolomoisky and/or Bogolyubov.

2. Pinchuk is further authorized to issue and serve a subpoena *duces tecum* on Korf for deposition testimony and the production of the following documents:

  a. Documents reflecting non-privileged communications by Korf or any of Korf's agents with Kolomoisky, Bogolyubov, or any of Kolomoisky or Bogolyubov's agents regarding the ferroalloy business; and

  b. Documents regarding the ferroalloy business and referring to Ferroalloy Holding, Pinchuk, EastOne Group Ltd., Interpipe, Spektor, Voevodin, or Babakov.

3. The Discovery Subjects shall produce the documents requested in their respective subpoenas within thirty (30) days of service of the subpoena and as required under the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of Florida.

4. Until further Order by this Court, the Discovery Subjects shall preserve documents and evidence, electronic or otherwise, in their possession, custody or

control that contain information potentially relevant to the subject matter of Pinchuk's document request as listed in this Order. Any evidence produced by the Discovery Subjects in response to the subpoenas shall not be filed with this Court absent leave of court.

5. Pinchuk is authorized to issue additional subpoenas fifteen (15) days after the filing of a Notice of Intent to Serve Subpoena, to any other party residing or found within the Southern District of Florida, likely to have relevant evidence to be used in the foreign proceedings.

6. Pinchuk is authorized to seek further documents and/or testimony from the Discovery Subjects or from any other party in response to any other subpoena issued in connection with Pinchuk's application.

It is further **ORDERED AND ADJUDGED** that a copy of this Order, along with a copy of Pinchuk's application, be served on each of the Discovery Subjects within five (5) days of the date of this order.

**DONE AND ORDERED** in Chambers, in Miami, Florida, September 20, 2013.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record

8