# Exhibit C

**EXHIBIT C**

| | |
|---|---|
| *In re Application of Winning (HK) Shipping Co, Ltd.*, 2010 WL 1796579, *10 (S.D. Fla. 2010) | Finding that § 1782 discovery was authorized because, *inter alia*, "there has been no evidence or case law submitted that indicates that the foreign government or court would be unreceptive to United States federal-court judicial assistance." |
| *In re Application of Inversiones y Gasolinera Petroleos Vanezuela, S. de R.L.*, 08-20378-MC, 2011 WL 181311, *13 (S.D. Fla. 2011) | Finding that a lack of "information indicating whether the Honduran prosecutor would be receptive or hostile to judicial assistance" weighed in favor allowing § 1782 discovery under the receptivity factor. |
| *In re Chevron Corp.*, 11-24599-CV, 2012 WL 3636925, *11-12 (S.D. Fla. 2012) | "Further, undersigned finds nothing in the record that suggests that either forum—the ROE or the BIT tribunal—would be unreceptive to the § 1782 discovery…. There is likewise no evidence that suggests that the BIT arbitration panel would be non-receptive to the discovery…." |
| *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) | "Rather, we believe that a district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782… Absent this type of clear directive, however, a district court's ruling should be informed by section 1782's overarching interest in 'providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects.'" |
| *In re Chevron Corp.*, 633 F.3d 153, 162-63 (3d Cir. 2011) | "Appellants claim, with respect to the second *Intel* factor, that the Lago Agrio Court is not receptive to the documents Chevron is seeking in its section 1782 request. We regard this claim as naked because appellants do not present adequate evidence to support this contention and, as they are the parties opposing discovery under section 1782, they bear the 'burden of demonstrating offense to the foreign jurisdiction.'" |
| *In re Chevron Corp.*, 7:10-MC-00067, 2010 WL 4883111, *3 (W.D. Va. 2010) | "Receptivity, though, is not a question of whether the foreign court *itself* would order or even permit discovery in the same case, but rather is a question of how a foreign court might respond to § 1782 assistance from a United States court…. A survey of the relevant case law indicates that the respondent to a § 1782 bears the burden of proving that the foreign tribunals are unreceptive to the discovery sought… To meet this burden, a respondent must demonstrate a clear directive or authoritative proof that [the] foreign tribunal would reject evidence obtained with the aid of section 1782**....**" |

| | |
|---|---|
| *In re Application of Repulic of Ecuador*, 2011 WL 10618727 *n.6 (N.D. Fla. 2011) | "The party resisting discovery must point to 'authoritative proof' that the foreign tribunal would reject the evidence sought." (quoting *In re Veiga,* 746 F. Supp. 2d 8, 23-24 (D.D.C. 2010)). |
| *The Government of Ghana v. Proenergy Services, LLC*, 2011 WL 2652755, *4 (W.D. Mo. 2011) | Granting § 1782 application because, *inter alia*, "Parties that apply for discovery under § 1782 enjoy a presumption in favor of foreign tribunal receptivity that can only be offset by reliable evidence that the tribunal would reject the evidence." |
| *In re Kreke Immobilien KG*, 13 MISC. 110 NRB, 2013 WL 5966916, *5 (S.D.N.Y. 2013) | "The second *Intel* factor encourages the district court to consider how receptive the foreign tribunal is to receiving into evidence the fruits of the assistance from the U.S. court. In the absence of 'authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782,' a district court should err on the side of permitting discovery. Rather than deny a § 1782 request because it suspects that the evidence gathered would ultimately be rejected by the foreign tribunal, a U.S. district court should presumptively allow discovery to the extent that such a grant would promote the statute's goals of efficiency and comity." (internal citations omitted.) |
| *In re Gushlak*, 2011 WL 3651268, *4 (E.D.N.Y. 2011) | Noting that, in ruling on receptivity, courts must look for authoritative proof that the foreign jurisdiction would reject the § 1782 assistance. |
| *Ukrnafta v. Carpatsky Petroleum Corp.*, 3:09 MC 265 (JBA), 2009 WL 2877156 (D. Conn. 2009) | Granting § 1782 application, in part, because "there is 'no basis to believe that the Swedish arbitrator would not accept the documents or testimony obtained by this request.'" |
| *In re Servicio Pan Americano de Proteccion*, 354 F. Supp. 2d 269, 272 (S.D.N.Y. 2004) | "HSBC does not submit any proof, however, that a Venezuelan court would reject evidence of HSBC's insurance coverage if produced pursuant to a Section 1782 order, or that the evidence would be irrelevant to the Venezuelan tribunal's adjudication of the dispute between the parties. Because there is no 'authoritative proof that [the Venezuelan] tribunal would reject [the requested] evidence obtained with the aid of Section 1782,' this Court will not speculate further regarding the complexities of Venezuelan law, or permit its decision to be influenced by a 'battle-by-affidavit of international legal experts....'" |
| *In re Republic of Ecuador*, 2:11-MC-00052 GSA, 2011 WL 4089189, *3 (E.D. Cal. 2011) | "There is no evidence before the Court that the international arbitral tribunal at issue here is either receptive or nonreceptive to United States federal-court jurisdictional assistance, and therefore this factor is essentially neutral." |