UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:13-22857-MC-GOODMAN

IN RE: APPLICATION OF VICTOR
MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN
OBTAINING EVIDENCE IN THIS
DISTRICT

**INTERVENORS KOLOMOISKY'S AND BOGOLYUBOV'S RESPONSE TO ORDER REGARDING FACTUAL CLARIFICATION FOR INTERVENTION MOTION**

Intervenors Igor Kolomoisky ("Kolomoisky") and Gennadiy Bogolyubov ("Bogolyubov") (collectively, the "Intervenors") file this Response to the Court's Order Regarding Factual Clarification For Intervention Motion (the "Order," DE 46). For the reasons set forth in the Motion to Intervene (DE10), in the Reply in Support thereof (DE29), and in this Response, Messrs. Kolomoisky and Bogolyubov respectfully request entry of an Order granting them full intervention rights in this Section 1782 proceeding.[1]

**RESPONSE**

In its Order, the Court required the Intervenors to each submit a declaration which:

1. Explains in detail the business and financial relationship between them, including any type of common ownership or interest of any kind in any of the Discovery Subjects.

2. Explains, with specificity, the reasons how and why Kolomoisky believes he can provide assurances to the LCIA Arbitration panel that he can produce all responsive

---

[1] On December 19, 2013, the Court conditionally granted the Intervenors' right to intervene for the purpose of presenting arguments at the hearing held that day, and in a Reply in Support of the Discovery Subjects' Motion to Vacate (DE41), to be filed on or before January 20, 2014. (DE43).

1

>documents in the Discovery Subjects' possession, including agreements (whether written or oral) to produce discovery.

Id. at 5.  The Court's questions in the Order related, in part, to Petitioner Victor Mikhaylovich Pinchuk's ("Pinchuk") argument that the Intervenors cannot, as a matter of law, satisfy their burden of demonstrating that the Discovery Subjects will not adequately represent their interests in this proceeding because, the Intervenors are supposedly "closely interrelated with Korf and FP and . . . effectively control both the individual and corporate Discovery Subjects."  Id. at 2-3.  In addition, Pinchuk has raised arguments in connection with certain findings reached by the United States District Court for the District of West Virginia in 2010, which the Court noted in its Order Regarding Factual Clarification.  Id. at 3-4.

In compliance with the Court's Order, the Intervenors are filing individual Declarations responding to the Court's questions.  Mr. Bogolyubov's Declaration and a Declaration by his counsel in the LCIA arbitration, Mr. David Kavanagh, are attached hereto as **Exhibit 1** and **Exhibit 2**.  Mr. Kolomoisky's Declaration is attached hereto in redacted form as **Exhibit 3**.[2] Attached hereto as **Exhibit 4** is an agreement between the Intervenors and the Discovery Subjects concerning Mr. Kolomoisky's production of documents held by the Discovery Subjects in response to any production order or request that the LCIA Tribunal may make.

Collectively, the three (3) Declarations and the agreement with the Discovery Subjects address Pinchuk's unfounded argument that the Intervenors "control" the Discovery Subjects such that their intervention is unwarranted in this proceeding.  They also address the Court's question regarding Mr. Kolomoisky's assurance to the LCIA Tribunal.  Additionally, the

---

[2] The Intervenors have filed a separate Motion to Seal and for Related Relief today addressing the sensitive and confidential nature of the information contained in one sentence of the Kolomoisky Declaration and in one of the exhibits thereto.  That filing was made conventionally with the Clerk as required by the Local Rules.

2

Intervenors cite to legal authority below that confirms that (i) the burden on the Intervenors to show inadequate representation in this proceeding is minimal, (ii) parties to the foreign proceedings that underlie Section 1782 discovery actions in the United States are routinely allowed to intervene in those proceedings, including in instances where they are related to the U.S. discovery subject(s); and (iii) related parties are routinely allowed to intervene in other discovery proceedings not brought under Section 1782, particularly where confidential information is at risk of disclosure.

As argued in the Motion to Intervene (DE10) and Reply in Support (DE29), the burden on the Intervenors to show that their interests in this proceeding may be inadequately represented is minimal. See Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, n. 10 (1972) (the "requirement of the [intervention] Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").

Additionally, persons and entities that are parties to a foreign proceeding in support of which a Section 1782 action is brought are routinely granted the right to intervene under Fed. R. Civ. P. 24. See, e.g., In re Application of the Republic of Ecuador, No. 1:13-CV-01112-REB, 2013 WL 2477163 (D. Colo. 2013) (granting Chevron Corporation's motion to intervene as of right in a Section 1782 action where Chevron was a party to the foreign action that formed the basis for the Section 1782 application); In re Application of Heraeus Kulzer GMBH, 3:09-CV-530 RM, 2011 WL 3608643 (N.D. Ind. 2011) (allowing intervention as of right in Section 1782 proceedings where proposed intervenor had previously collaborated in the development of a product with the discovery target, and in doing so, shared confidential information with the discovery target, documents potentially containing such information had been requested by the

petitioner, discovery target did not have an interest in protecting against disclosure of the information, and intervention was sought to protect against such disclosure).

Indeed, courts have determined that a shareholder, owner, parent, or affiliate of a party in litigation may intervene as of right in an action and is not *per se* precluded from intervention based on those relationships. See In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 685 F.3d 987, 990-92 (11th Cir. 2012) (referencing intervention by foreign counterpart of U.S. Section 1782 discovery target).[3] Similarly, a shareholder, owner, parent or affiliate of a party is also not *per se* prohibited from seeking and obtaining permissive intervention. See, e.g., TPI Corp. v. Merch. Mart of S. Carolina, Inc., 61 F.R.D. 684 (D.S.C. 1974) (sister corporations of named defendant could permissively intervene in breach of contract suit against corporation and owner since common questions of fact were involved and intervention would not unduly delay or prejudice the proceedings).

Finally, Courts also routinely permit parties to intervene to protect against the disclosure of confidential information. See e.g., In re Heraeus Kulzer GMBH, 3:09-CV-530 RM, 2011 WL

---

[3] See also B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541 (1st Cir. 2006) (holding that distributor had the right to intervene in action involving a manufacturer with a common parent, where the manufacturer was not a party to the agreements at issue, had no involvement in the events underlying the lawsuit, did not own or control distributor, and the relief sought would have affected the distributor); Yorkshire v. U.S. I.R.S., 26 F.3d 942 (9th Cir. 1994) (receded from on other grounds) (holding that parent corporation could intervene as of right in action brought by a one percent shareholder in a subsidiary corporation, seeking tax return information of the subsidiary corporation and a partnership owned by separate subsidiaries of the parent); Franklin Sav. Ass'n v. Office of Thrift Supervision, 740 F. Supp. 1531 (D. Kan. 1990) (holding that principal shareholder of a savings and loan association could intervene in S & L's action to remove its conservator when shareholder claimed an interest in the property at issue in the case); Miracle Mart, Inc. v. Margolis, 46 F.R.D. 458 (D. Mass. 1969) (holding that minority shareholder in the corporate plaintiff could intervene as of right in an action by the corporate plaintiff against its former director for insider); Nedick's Stores, Inc. v. Genis, 34 F.R.D. 235 (S.D.N.Y. 1963) (holding that minority stockholder could intervene in corporation's action against former director and stockholder for short-swing profits when representation of such stockholder's interest by the plaintiff might be inadequate because plaintiff did not assert certain transactions which intervenor asserted could afford a basis for recovery).

3608643 (N.D. Ind. 2011); Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Inway, Inc., 3:02CV1005 J25MCR, 2007 WL 521245 (M.D. Fla. 2007) aff'd sub nom. Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc., 622 F.3d 1307 (11th Cir. 2010) (granting Qualcomm's motion to intervene as of right and alternatively, for permissive intervention, where Qualcomm sought to intervene for purpose of protecting against the disclosure of certain pricing information for Qualcomm-related services and products).[4]

## CONCLUSION

Based on the foregoing, Messrs. Kolomoisky and Bogolyubov respectfully request entry of an order granting them full intervenor status in this Section 1782 proceeding.

---

[4] See also, Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc., 3:09CV53/MCR/MD, 2011 WL 3512180 (N.D. Fla. 2011) report and recommendation adopted, 3:09CV53/MCR/MD, 2011 WL 3511069 (N.D. Fla. 2011) (granting motion to intervene as of right by individuals seeking to protect certain emails from disclosure pursuant to attorney-client, work-product, and joint defense agreement privileges); In re Pool Products Distribution Mkt. Antitrust Litig., 2013-1 Trade Cases P 78430 (E.D. La. 2013) (granting FTC's motion to intervene as of right for purpose of asserting informant's privilege to prohibit disclosure of certain subpoenaed third parties who served as confidential informants during an investigation of the class action defendant); Tarazi v. Oshry, 39 Media L. Rep. 1743 (S.D. Ohio 2011) (permitting two individuals to intervene for purposes of protecting their identities in a defamation emanating from a publicized dependency action where one individual was a contributor to a blog known as "the Jawa Report," and the other was "the confidential source of certain information"); Compuware Corp. v. Moody's Investors Services, Inc., CIV. 03-70247, 2004 WL 1092285 (E.D. Mich. 2004) (granting motion to intervene by third party for purpose of asserting privilege of confidential business information to prevent disclosure of documents regarding credit ratings for the third party even where litigant had raised the reporter's privilege as to the documents).

5

Respectfully submitted,

**ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.**
*Attorneys for Igor Kolomoisky and Gennadiy Bogolyubov*
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Tel: (305) 372-8282
Fax: (305) 372-8202

/s/ Arnoldo B. Lacayo
José I. Astigarraga
Fla. Bar No. 263508
Email:  jastigarraga@astidavis.com
Edward M. Mullins
Fla. Bar No. 863920
Email:  emullins@astidavis.com
Arnoldo B. Lacayo
Fla. Bar No. 675482
Email:  alacayo@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 10, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   /s/ Arnoldo B. Lacayo

**SERVICE LIST**

IN RE: APPLICATION OF VICTOR MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE IN THIS DISTRICT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:13-MC-22857-GOODMAN

| | |
|---|---|
| Richard H. Critchlow, Esq.<br>Elizabeth B. Honkonen, Esq.<br>Jalaine Garcia, Esq.<br>Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, Florida 33131<br>Tel.: (305) 373-1000<br>Email: rcritchlow@kennynachwalter.com<br>Email: ebh@kennynachwalter.com<br>Email: jgarcia@kennynachwalter.com<br><br>*Attorneys for Applicant*<br>*Victor Mikhaylovich Pinchuk* | Jeffrey B. Crockett, Esq.<br>Armando Rosquete, Esq.<br>Benjamin Brodsky, Esq<br>Coffey Burlington, P.L.<br>2699 South Bayshore Drive, PH<br>Miami, Florida 33133<br>Tel.: (305) 858-2900<br>Email: jcrockett@coffeyburlington.com<br>Email: arosquete@coffeyburlington.com<br>Email: bbrodsky@coffeyburlington.com<br><br>*Attorneys for Non-Parties, Felman Production LLC, Felman Trading, Inc., CC Metals and Alloys, LLC, Georgian American Alloys, Inc., and Mordechai Korf* |