CASE NO. 1:13-MC-22857-GOODMAN

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:13-MC-22857-GRAHAM/GOODMAN

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in Obtaining
Evidence in this District
_____/

## DECLARATION OF DAVID KAVANAGH

David Kavanagh, for his declaration pursuant to 28 U.S.C. § 1746, states as follows:

1. I am a Solicitor Advocate admitted to practice in England & Wales, and a partner of Skadden, Arps, Slate, Meagher & Flom (UK) LLP. My practice concentrates in litigation and international arbitration. I represent Gennadiy B. Bogolyubov in arbitration Number 132459 before the London Court of International Arbitration (the "LCIA Arbitration"), which proceedings undergird the Section 1782 application currently before this Court.

2. I respectfully submit this declaration to respond to the Post-Hearing Order Regarding Factual Clarification For Intervention Motion dated December 23, 2013, seeking certain information regarding the LCIA Arbitration and the parties thereto (the "Clarification Order") [DE 46].

3. I have conferred with Mr. Bogolyubov concerning the Clarification Order and the contents of this Declaration.

### Mr. Bogolyubov's Limited Participation in the LCIA Arbitration and Limited Purpose for Seeking to Intervene in This Section 1782 Proceeding

4. Mr. Bogolyubov is one of three respondents in the LCIA Arbitration, together with Igor V. Kolomoisky and Mikhail I. Spektor. However, Mr. Bogolyubov contests the

jurisdiction of the LCIA, and is appearing specially in the LCIA Arbitration solely to advance, and always subject to, that jurisdictional objection.

5. Consistent with that limited participation in the LCIA Arbitration, Mr. Bogolyubov's purpose for seeking intervention in this Section 1782 action is primarily to ensure that an accurate and complete picture of the LCIA Arbitration is conveyed to this Court. Indeed, the need for such elucidation – and therefore the propriety of such intervention – was reaffirmed at oral argument on December 19, when Mr. Pinchuk's counsel argued that the International Bar Association ("IBA") Rules on the Taking of Evidence in International Arbitration might not apply in the LCIA Arbitration. (Hearing Tran. at 94:16-96:21 (Dec. 19, 2013)) [DE 47]. That assertion is not only wrong, in my view, but also was flatly contradicted by Mr. Pinchuk's own proffered expert on LCIA Arbitration, Mr. Duncan Matthews, who testified that it would be "commonplace" for the IBA Rules to be adopted.[1]

6. The assistance that Mr. Bogolyubov and his team can provide to the Court in understanding the nuances of the LCIA Arbitration was further demonstrated during the same argument when my partner, Timothy G. Nelson, was able to describe the confidentiality and collateral-use restrictions governing any documents disclosed in the LCIA Arbitration, a matter not previously appearing in the record but of some importance to the Court's deliberations. (Hearing Tran. at 106:23-107:25, 141:12-143:2 (Dec. 19, 2013)) [DE 47]. For the sake of completeness, I can affirm the accuracy of Mr. Nelson's statements to the Court.

---

[1] Mr. Duncan testified that "[i]n LCIA arbitration, it is relatively commonplace to adopt Article 3 of the IBA Rules on the Taking of Evidence in International Arbitration adopted by a resolution of the IBA Council on 29 May 2010, at least as guidelines." [DE 25-1, ¶ 11]

### Responses to the Clarification Order

7. Paragraph 2 of the Clarification Order asks how Mr. Kolomoisky can provide assurances to the LCIA Tribunal that he can produce documents in the Discovery Subjects' possession. I can confirm that, upon instructions from Mr. Bogolyubov, I advised the LCIA Tribunal that Mr. Bogolyubov would not interfere with, or otherwise block, performance of Mr. Kolomoisky's agreement with the Discovery Subjects to provide documents for use in the LCIA Arbitration. I also advised Mr. George Maling of Enyo Law LLP, London counsel for the Discovery Subjects, that Mr. Bogolyubov approves of that agreement.

\*       \*       \*

8. Giving due regard to Mr. Bogolyubov's jurisdictional challenge in the LCIA Arbitration, as well as the limited and appropriate goals he seeks to attain through intervention in this action, I trust that the above suffices to answer the court's inquiries.

9. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on January 9, 2014

_____
David Kavanagh