**CASE NO. 1:13-MC-22857-GOODMAN**

**EXHIBIT 3**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:13-MC-22857-GOODMAN**

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in
Obtaining Evidence in this District

**DECLARATION OF IGOR VALERYEVICH KOLOMOISKY**

    IGOR VALERYEVICH KOLOMOISKY declares the following, pursuant to 28 U.S.C. § 1746:

1.    I am one of the conditional interveners in these proceedings and am the first respondent in LCIA arbitration proceedings commenced by the Applicant, Mr. Pinchuk, against myself, Mr. Gennadiy Bogolyubov, and Mr. Mikhail Spektor (the "LCIA Arbitration").

2.    I am familiar with the subject matter of Pinchuk's instant application under 28 U.S.C § 1782.  I make this declaration based on my personal knowledge of the facts set forth herein.

3.    On December 23, 2013, the Court issued an order directing me and Bogolyubov to: (1) explain in detail the business and financial relationship between us including any type of common ownership or interest of any kind in any of the Discovery Subjects; and (2) explain, with specificity, the reasons how and why I believe I can provide assurances to the LCIA Arbitration panel that I can produce all responsive

documents in the Discovery Subjects' possession, including agreements (written or oral) to produce discovery (the "December 23 Order"). I make this declaration in accordance with the December 23 Order.

4.      I do not speak English and accordingly I have signed the declaration on the basis of a Russian translation of this declaration which has been provided to me. Should the Court require it I will of course provide the Court with a copy of that translation.

**A. MY AND BOGOLYUBOV'S RELATIONSHIP AND OUR INTERESTS IN THE CORPORATE DISCOVERY SUBJECTS**

5.      I first met Bogolyubov in about 1990. Since 1991, we have conducted certain business ventures together. We have a number of business projects in which we both have either shareholdings or beneficial interests. By way of example, we established PrivatBank in March 1992. Later, it became the biggest private bank in Ukraine. We hold interests in PrivatBank and thus have an indirect interest in any companies or shareholdings owned or controlled by PrivatBank. ██████████████████
████████████████████████████████

6.      I have also been engaged in a number of business ventures without the involvement of Bogolyubov, and I understand that Bogolyubov has likewise been involved in a number of business ventures without my involvement. By way of example, I have no interest in ConsMin (a mining holding with assets in Australia and Ghana, which is wholly owned by Bogolyubov) or in some of the Bogolyubov's real estate projects in the United Kingdom. Similarly, I have an indirect interests in Aerosvit, which was formerly the largest air carrier in Ukraine, whereas Bogolyubov has no interest in Aerosvit.

7.      Bogolyubov and I each separately hold an indirect minority interest in Georgian American Alloys, Inc ("GAA"), and therefore in its wholly owned subsidiaries, which include Felman Production, LLC, Felman Trading, Inc, and CC Metals and Alloys, LLC.

8.      The details in relation to these particular interests, which are highly confidential, are set out in a chart that is attached hereto as Exhibit A.

9.      I trust that the attached chart, which sets out the nature and extent of my and Bogolyubov's commercial interests in the Discovery Subjects, sufficiently addresses the first question set out in the Court's December 23 Order, and will thus assist the Court in resolving our request to intervene in these proceedings.

10.     I note that the December 23 Order referred to certain findings of the United States District Court for the Southern District of West Virginia in *Mt Hawley Insurance Company v Felman Production, Inc* 269 FRD 609 (2010).  I note that GAA and its affiliated entities were reorganized in 2012 (prior to the commencement of the LCIA Arbitration), with the result that the description of the corporate structure contained in that decision is no longer accurate.  The attached chart reflects the current position.

**B. THE BASIS OF MY ASSURANCES TO THE LCIA ARBITRATION PANEL THAT I CAN PRODUCE RESPONSIVE DOCUMENTS**

11.     On December 18, 2013, the LCIA Arbitration panel issued an order (the "LCIA Order"), a copy of which is attached hereto as Exhibit B.  The LCIA Order recorded:

    a.  My assurance to the LCIA Arbitration panel that documents held by the Discovery Subjects are under my control;

    b.  My assurance that, to the extent the LCIA Arbitration panel orders the production of such documents in the LCIA Arbitration, I will ensure their production; and

    c.  Bogolyubov's assurance that he will do nothing to hinder the production of any such documents so ordered to be produced by me in the LCIA Arbitration.

12.    The LCIA Order makes it clear that I affirmed, for present purposes, my control of the Discovery Subjects' *documents*, not the Discovery Subjects themselves. Indeed, neither I nor Bogolyubov occupies any position on the boards, nor within the management structures, of any of the Discovery Subjects, nor do we exercise control as *de facto* directors. Neither of us is involved in the day-to-day management of any of the Discovery Subjects.

13.    Rather, my control of the Discovery Subjects' documents arises from an agreement – initially verbal and later formalized in writing – reached prior to 16 December 2013 between Robert Powell, who is the General Counsel of GAA, on behalf of the Discovery Subjects, and my attorneys acting on my behalf in the LCIA Arbitration (the "Discovery Assistance Agreement").

14.    The terms of the Discovery Assistance Agreement are that the Discovery Subjects will provide me with all non-privileged documents the disclosure of which the LCIA Arbitration panel orders in the LCIA Arbitration in order to assist the LCIA Arbitration panel in resolving the issues in dispute in the LCIA Arbitration.

15.      Following the December 23 Order, the parties to the Discovery Assistance Agreement formalized that agreement in particular for the benefit of the Court and the LCIA Arbitration panel.  I enclose herewith as Exhibit C a copy of that agreement dated 9 January 2014.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: 9 January 2014

Igor Valeryevich Kolomoisky

# EXHIBIT A



# EXHIBIT B

**Arnoldo B. Lacayo**

| | |
|---|---|
| **From:** | john.beechey@iccwbo.org |
| **Sent:** | Wednesday, December 18, 2013 9:11 AM |
| **To:** | ppatrick@whitecase.com; iglick@oeclaw.co.uk; wrowley@20essexst.com |
| **Cc:** | Casework@lcia.org; david.kavanagh@skadden.com; Alex.VanDerZwaan@skadden.com; maria.gritsenko@skadden.com; Christopher.Lillywhite@skadden.com; ayakovlev@winston.com; jtirado@winston.com; DMeagher@winston.com; SaWallace@winston.com; dozorets@lexwell.com.ua; kolupaev@lexwell.com.ua; Evgeniya.RUBININA@freshfields.com; James.SHAERF@freshfields.com; Mariia.PUCHYNA@freshfields.com; Noah.RUBINS@freshfields.com; dgoldberg@whitecase.com; jzagonek@whitecase.com; otodua@whitecase.com; sarah.steed@whitecase.com; adoudko@whitecase.com |
| **Subject:** | Re: LCIA Arbitration No. 132459: Victor Mikhaylovich Pinchuk v (1) Igor Valeryevich Kolomoisky; (2) Gennadiy Borisovich Bogolyubov; and (3) Mikhail Iosifovich Spektor |

Upon hearing Counsel for the Parties at a preliminary meeting held in London on Monday 16 December 2013, the Tribunal hereby ORDERS as follows:

1. On the basis of:

(a) First Respondent's assurance that documents held by Georgian American Alloys, Inc., Felman Production LLC, Felman Trading, Inc., CC Metals and Alloys LLC and Mordachai Korf, (the Discovery Subjects in Claimant's pending Section 1782 application in the Southern District of Florida) are under his control;
(b) First Respondent's assurance that to the extent any such documents were to be made the subject of an Order for production by this Tribunal, he will ensure their production in this arbitration; and
(c) Second Respondent's assurance that he will do nothing to hinder the production of any such documents so ordered to be produced by First Respondent,

the Tribunal concludes that it does not presently need to seek the assistance of the U.S. Courts for the purposes of this arbitration and it makes no order in respect of First and Second Respondents' application for an order requiring Claimant to suspend his Section 1782 applications in all United States jurisdictions.

2. The Tribunal will convene a further hearing to review the status of the proceedings and to make such further Orders as may then be necessary in the week beginning 13 January 2014, following the adjourned hearing of certain applications in the English High Court on Thursday 19 December 2013.

3. Pending that hearing and the finalisation of a timetable for the future conduct of the arbitration, the Parties are requested to block the following three ten-day 'slots':
9-20 February 2015
2-13 March 2015
6-17 April 2015

4. Pending further Order of the Tribunal, service of Respondents' respective Statements of Defence due on 23 December 2013, pursuant to Article 15.3 of the LCIA Rules, is hereby suspended.

5. The costs of the hearing shall be costs in the arbitration.

John Beechey 18 December 2013
For and on behalf of the Arbitral Tribunal

# EXHIBIT C

## AGREEMENT

The parties hereto, being IGOR VALERYEVICH KOLOMOISKY ("KOLOMOISKY"), GENNADIY BORISOVICH BOGOLYUBOV ("BOGOLYUBOV"), GEORGIAN AMERICAN ALLOYS, INC., FELMAN PRODUCTION, LLC, FELMAN TRADING, INC., CC METALS AND ALLOYS, LLC (collectively, the "GAA GROUP"), and MORDECHAI KORF ("KORF") hereby agree as of this 9th day of January 2014 as follows:

WHEREAS, GEORGIAN AMERICAN ALLOYS, INC. is the corporate parent of its wholly owned subsidiaries FELMAN PRODUCTION, LLC, FELMAN TRADING, INC. and CC METALS AND ALLOYS, LLC;

WHEREAS, KOLOMOISKY has an ownership interest in, but does not control either GEORGIAN AMERICAN ALLOYS INC. or the GAA GROUP;

WHEREAS KORF is an employee of the GAA GROUP and as such subject to the control of GEORGIAN AMERICAN ALLOYS, INC. in his corporate capacity;

WHEREAS, based on an agreement reached prior to December 16, 2013, KOLOMOISKY, with the consent and agreement of GAA GROUP, KORF, and their counsel, represented to a panel of arbitrators in arbitral proceedings commenced by VICTOR MIKHAYLOVICH PINCHUK in the London Court of International Arbitration ("LCIA") on August 2, 2013, LCIA Case no. 132459 (a copy of which demand for arbitration is found at DE 1-3 page 1 through 41 in case no 13-Misc-22857 in the United States District Court for the Southern District of Florida) that "to the extent any documents [held by any member of the GAA GROUP or KORF] were to be made the subject of an Order for production by this Tribunal, [KOLOMOISKY] would ensure their production in this arbitration" (as filed in the above cited federal action with the Court in DE 40 and DE 41);

WHEREAS, BOGULYUBOV agreed on December 16, 2013 and represented to the LCIA arbitration panel that he would "do nothing to hinder the production of any documents so ordered to be produced";

WHEREAS, the parties hereto have each authorized their respective undersigned counsel to execute this agreement on their behalf;

The parties hereto all agree that the foregoing recitals are correct; and further agree that in ratification and re-iteration of the representations and assurances previously given to the arbitral panel:

By this agreement KOLOMOISKY agrees to advise GAA GROUP and KORF of any such order from the LCIA arbitral panel requiring the production of documents in the possession of the GAA Group, and to request full compliance by the GAA GROUP and KORF with the terms of such order and the terms of this agreement;

GAA GROUP, on behalf of all of its affiliates and agents, and KORF, will make full and complete production of any and all non-privileged documents or other information in their possession, custody or control as may be ordered to be produced by the LCIA arbitral panel in the manner ordered or requested by the LCIA arbitral panel and otherwise consistent with LCIA practice and procedure;

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By:_____          Date:_____

     His counsel in S.D. Fla. Case No.: 13-mc-22857


By:_____          Date:_____

     His counsel in the LCIA arbitration proceedings (no. 132459)


GENNADIY BORISOVICH BOGOLYUBOV

By:_____          Date:_____

     His counsel in S.D. Fla. Case No.: 13-mc-22857


By:_____          Date:_____

     His counsel in the LCIA arbitration proceedings (no. 132459)


GEORGIAN AMERICAN ALLOYS, INC.

By:_____          Date:___12/9/13___

     Its counsel in S.D. Fla. Case No.: 13-mc-22857


FELMAN PRODUCTION, LLC

By:_____          Date:___12/9/13___

     Its counsel in S.D. Fla. Case No.: 13-mc-22857

FELMAN TRADING, INC.

By: _____   Date: _____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

CC METALS AND ALLOYS, LLC

By: _____   Date: _____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

MORDECHAI KORF

By: _____   Date: _____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

3

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By: _____          Date: 1-9-2014 _____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By: _____          Date: _____

His counsel in the LCIA arbitration proceedings (no. 132459)

GENNADIY BORISOVICH BOGOLYUBOV

By: _____          Date: 1-9-2014 _____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By: _____          Date: _____

His counsel in the LCIA arbitration proceedings (no. 132459)

GEORGIAN AMERICAN ALLOYS, INC.

By: _____          Date: _____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

FELMAN PRODUCTION, LLC

By: _____          Date: _____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

2

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By:_____          Date:_____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date: *9 JANUARY 2014*

His counsel in the LCIA arbitration proceedings (no. 132459)


GENNADIY BORISOVICH BOGOLYUBOV

By:_____          Date:_____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

His counsel in the LCIA arbitration proceedings (no. 132459)


GEORGIAN AMERICAN ALLOYS, INC.

By:_____          Date:_____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

FELMAN PRODUCTION, LLC

By:_____          Date:_____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

2

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By:_____          Date:_____

     His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

     His counsel in the LCIA arbitration proceedings (no. 132459)

GENNADIY BORISOVICH BOGOLYUBOV

By:_____          Date:_____

     His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

     DAVID KAVANAGH

     His counsel in the LCIA arbitration proceedings (no. 132459)

GEORGIAN AMERICAN ALLOYS, INC.

By:_____          Date:_____

     Its counsel in S.D. Fla. Case No.: 13-mc-22857

FELMAN PRODUCTION, LLC

By:_____          Date:_____

     Its counsel in S.D. Fla. Case No.: 13-mc-22857