**CASE NO. 1:13-MC-22857-GOODMAN**

**EXHIBIT 4**

## AGREEMENT

The parties hereto, being IGOR VALERYEVICH KOLOMOISKY ("KOLOMOISKY"), GENNADIY BORISOVICH BOGOLYUBOV ("BOGOLYUBOV"), GEORGIAN AMERICAN ALLOYS, INC., FELMAN PRODUCTION, LLC, FELMAN TRADING, INC., CC METALS AND ALLOYS, LLC (collectively, the "GAA GROUP"), and MORDECHAI KORF ("KORF") hereby agree as of this 9th day of January 2014 as follows:

WHEREAS, GEORGIAN AMERICAN ALLOYS, INC. is the corporate parent of its wholly owned subsidiaries FELMAN PRODUCTION, LLC, FELMAN TRADING, INC. and CC METALS AND ALLOYS, LLC;

WHEREAS, KOLOMOISKY has an ownership interest in, but does not control either GEORGIAN AMERICAN ALLOYS INC. or the GAA GROUP;

WHEREAS KORF is an employee of the GAA GROUP and as such subject to the control of GEORGIAN AMERICAN ALLOYS, INC. in his corporate capacity;

WHEREAS, based on an agreement reached prior to December 16, 2013, KOLOMOISKY, with the consent and agreement of GAA GROUP, KORF, and their counsel, represented to a panel of arbitrators in arbitral proceedings commenced by VICTOR MIKHAYLOVICH PINCHUK in the London Court of International Arbitration ("LCIA") on August 2, 2013, LCIA Case no. 132459 (a copy of which demand for arbitration is found at DE 1-3 page 1 through 41 in case no 13-Misc-22857 in the United States District Court for the Southern District of Florida) that "to the extent any documents [held by any member of the GAA GROUP or KORF] were to be made the subject of an Order for production by this Tribunal, [KOLOMOISKY] would ensure their production in this arbitration" (as filed in the above cited federal action with the Court in DE 40 and DE 41);

WHEREAS, BOGULYUBOV agreed on December 16, 2013 and represented to the LCIA arbitration panel that he would "do nothing to hinder the production of any documents so ordered to be produced";

WHEREAS, the parties hereto have each authorized their respective undersigned counsel to execute this agreement on their behalf;

The parties hereto all agree that the foregoing recitals are correct; and further agree that in ratification and re-iteration of the representations and assurances previously given to the arbitral panel:

By this agreement KOLOMOISKY agrees to advise GAA GROUP and KORF of any such order from the LCIA arbitral panel requiring the production of documents in the possession of the GAA Group, and to request full compliance by the GAA GROUP and KORF with the terms of such order and the terms of this agreement;

GAA GROUP, on behalf of all of its affiliates and agents, and KORF, will make full and complete production of any and all non-privileged documents or other information in their possession, custody or control as may be ordered to be produced by the LCIA arbitral panel in the manner ordered or requested by the LCIA arbitral panel and otherwise consistent with LCIA practice and procedure;

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By:_____          Date:_____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

His counsel in the LCIA arbitration proceedings (no. 132459)


GENNADIY BORISOVICH BOGOLYUBOV

By:_____          Date:_____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

His counsel in the LCIA arbitration proceedings (no. 132459)


GEORGIAN AMERICAN ALLOYS, INC.

By: *[signature]*          Date: 12/9/13

Its counsel in S.D. Fla. Case No.: 13-mc-22857

FELMAN PRODUCTION, LLC

By: *[signature]*          Date: 12/9/13

Its counsel in S.D. Fla. Case No.: 13-mc-22857

FELMAN TRADING, INC.

By: _____   Date: 12/9/13

Its counsel in S.D. Fla. Case No.: 13-mc-22857

CC METALS AND ALLOYS, LLC

By: _____   Date: 12/9/13

Its counsel in S.D. Fla. Case No.: 13-mc-22857

MORDECHAI KORF

By: _____   Date: 12/9/13

His counsel in S.D. Fla. Case No.: 13-mc-22857

3

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By: _[signature]_      Date: 1-9-2014

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____      Date:_____

His counsel in the LCIA arbitration proceedings (no. 132459)


GENNADIY BORISOVICH BOGOLYUBOV

By: _[signature]_      Date: 1-9-2014

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____      Date:_____

His counsel in the LCIA arbitration proceedings (no. 132459)


GEORGIAN AMERICAN ALLOYS, INC.

By:_____      Date:_____

Its counsel in S.D. Fla. Case No.: 13-mc-22857


FELMAN PRODUCTION, LLC

By:_____      Date:_____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By:_____          Date:_____

     His counsel in S.D. Fla. Case No.: 13-mc-22857

By: *[signature]*                              Date: 9 January 2014

     His counsel in the LCIA arbitration proceedings (no. 132459)


GENNADIY BORISOVICH BOGOLYUBOV

By:_____          Date:_____

     His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

     His counsel in the LCIA arbitration proceedings (no. 132459)


GEORGIAN AMERICAN ALLOYS, INC.

By:_____          Date:_____

     Its counsel in S.D. Fla. Case No.: 13-mc-22857


FELMAN PRODUCTION, LLC

By:_____          Date:_____

     Its counsel in S.D. Fla. Case No.: 13-mc-22857

2

BOGULYUBOV agrees to do nothing to hinder or delay such full and complete compliance.

IGOR VALERYEVICH KOLOMOSIKY

By:_____          Date:_____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____          Date:_____

His counsel in the LCIA arbitration proceedings (no. 132459)


GENNADIY BORISOVICH BOGOLYUBOV

By:_____          Date:_____

His counsel in S.D. Fla. Case No.: 13-mc-22857

By:_____/s/ David Kavanagh_____          Date:_____

    DAVID KAVANAGH

His counsel in the LCIA arbitration proceedings (no. 132459)


GEORGIAN AMERICAN ALLOYS, INC.

By:_____          Date:_____

Its counsel in S.D. Fla. Case No.: 13-mc-22857


FELMAN PRODUCTION, LLC

By:_____          Date:_____

Its counsel in S.D. Fla. Case No.: 13-mc-22857

2