UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  13-MC-22857-GRAHAM/GOODMAN

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in
Obtaining Evidence in this District
_____/

## APPLICANT'S MOTION TO CONSOLIDATE

Pursuant to and in accordance with Fed. R. Civ. P. 42(a), Applicant Victor Mikhaylovich Pinchuk ("Applicant" or "Pinchuk") hereby moves to consolidate for all purposes the above-captioned action (the "First 1782 Proceeding") with *In re Application of Victor Mikhaylovich Pinchuk, et al.,* Case No. 14-MC-20047-JEM (the "Second 1782 Proceeding" or "*Cyprus*") (together, the "1782 Proceedings").[1]  As set forth below, the two 1782 Proceedings concern discovery of the same documents and testimony from the exact same Discovery Subjects[2] pursuant to 28 U.S.C. § 1782.  Given the overwhelming overlap in the parties and the legal and factual issues, the two 1782 Proceedings should be consolidated for all purposes.

---

[1]  Pinchuk is authorized to represent to the Court that the other Applicants in the Second 1782 Proceeding consent to the relief requested herein and will separately submit a Notice of Filing and Consent to Motion to Consolidate in the Second 1782 Proceeding.

[2]  The Discovery Subjects include: (i) Georgian American Alloys, Inc.; (ii) Felman Production LLC (wholly-owned subsidiary of Georgian American Alloys, Inc.); (iii) Felman Trading, Inc. (wholly-owned subsidiary of Georgian American Alloys, Inc.); (iv) CC Metals & Alloys LLC (wholly-owned subsidiary of Georgian American Alloys, Inc.); and (v) Mordechai Korf (the Chief Executive Officer of Georgian American Alloys, Inc. and Felman Trading, Inc.) (collectively, (i) through (iv) are referred to as the "Corporate Discovery Subjects").

**MEMORANDUM OF LAW**

This Court should consolidate the 1782 Proceedings for purposes of convenience and economy. Both proceedings are pending in the same court – the United States District Court for the Southern District of Florida – before the same judge. Pinchuk is an Applicant in both 1782 Proceedings. In the First 1782 Proceeding, he is the sole Applicant. In the Second 1782 Proceeding, he is an Applicant along with ten entities which he beneficially owns and controls. The Discovery Subjects in the two 1782 Proceedings are identical, as is the information sought to be discovered. And many of the legal issues – including the standards under § 1782 – are also identical.

Accordingly, as set forth more fully below, for the efficient administration and management of both of these 1782 Proceedings, consolidation for all purposes is appropriate.

**I.      The Two 1782 Proceedings Raise Common Questions of Law and Fact.**

On August 9, 2013, Pinchuk filed the First 1782 Proceeding before this Court [ECF 1]. With the First 1782 Proceeding, Pinchuk seeks discovery for use in connection with an arbitration he filed in the London Court of International Arbitration (the "London Arbitration").

On January 6, 2014, Pinchuk and ten entities he beneficially owns and controls (the "Cyprus Petitioners") filed the Second 1782 Proceeding [*Cyprus* ECF 1].[3] With the Second 1782 Proceeding, Pinchuk and the Cyprus Petitioners seek discovery for use in connection with 22 separate petitions that the Cyprus Petitioners filed in the Limassol District Court in the Republic of Cyprus (collectively, the "Cyprus Court Actions").

---

[3]   On January 14, 2014, the Court transferred the Second 1782 Proceeding to Magistrate Judge Goodman. [*Cyprus* ECF 3].

2

The discovery at issue in both 1782 Proceedings is identical and relates to certain matters which are at issue in both the London Arbitration and the Cyprus Court Actions. As set forth in detail in Pinchuk's Application in the First 1782 Proceeding, in late 2005 or early 2006, Kolomoisky and Bogolyubov approached Pinchuk about merging their respective ferroalloy assets. [ECF 1-3 at ¶ 33]. In April 2006, the parties agreed in principle to create a joint holding structure in respect of their ferroalloy assets. *See id.* at ¶ 35. This joint holding structure (which comprises a number of companies holding interests in ferroalloy assets) is hereinafter referred to as the "Ferroalloy Holding." The Ferroalloy Holding is not a single corporate entity, and the term is used herein for convenience.

The Ferroalloy Holding was created by a series of interconnected written agreements executed from November 7, 2006. *See id.* at ¶¶ 43-46. In and around November 2006, Pinchuk, Kolomoisky, Bogolyubov, and others entered into agreements in respect of their rights *inter se* as the beneficial owners and controllers of their respective interests in the Ferroalloy Holding. *See id.* at ¶¶ 48-59.

Among other things, the parties agreed:

- that Pinchuk, Kolomoisky, and Bogolyubov would pool certain of their current respective interests and provide an opportunity to the other parties to participate in all future acquisitions or acquisition opportunities in the ferroalloy business in Ukraine and elsewhere. *See id.* at ¶¶ 51-52.

- to share in the profits of the ferroalloy business (which included any future acquisition opportunities which were taken up by the other parties) in proportion to their respective interests in the Ferroalloy Holding, and that such profits (less such allowance for the working capital and capital expenditure requirements of the Ferroalloy Holding as might be agreed between the parties from time to time) would be distributed among the parties on at least an annual basis in proportion to their respective interests in the Ferroalloy Holding. *See id.* at ¶ 54; *Cyprus* ECF 1-2 at ¶¶ 13.2, 13.3, 13.4.[4] According to the parties'

---

[4] Unless otherwise specified, all references herein are to the English version of the Petition regarding Alexton Holdings Limited, which is at ECF 1-2, pages 17 through 35.

3

> agreements, Kolomoisky and Bogolyubov together currently hold a 50% interest in Ferroalloy Holding, and Pinchuk currently holds a 25% interest.[5]

- that Kolomoisky and Bogolyubov or their agents would conduct the day-to-day management of the assets of the Ferroalloy Holding.  *See* ECF 1-3 at ¶ 41; *Cyprus* ECF 1-2 at ¶ 13.1.

- that Pinchuk would be entitled to any accounting or other information related to business and trading activities which was reasonably necessary to calculate and/or audit the profits of Ferroalloy Holding. *See* ECF 1-3 at ¶ 54(3)(b); *Cyprus* ECF 1-2 at ¶ 14.1.

- that none of the parties would destroy or diminish the value of the assets of Ferroalloy Holding or the parties' participation therein. *See* ECF 1 at ¶ 53(1).

- that none of the parties would misappropriate the assets or profits of Ferroalloy Holding. *See id.* at ¶¶ 53(2), 55.

Based on the agreements, Pinchuk and the Cyprus Petitioners entrusted their investments with Kolomoisky and Bogolyubov and had confidence that Kolomoisky and Bogolyubov would operate the Ferroalloy Holding properly and honestly. Instead, as Pinchuk and the Cyprus Petitioners have alleged in the London Arbitration and the Cyprus Court Actions, Kolomoisky and Bogolyubov have violated the various agreements and understandings relating to the Ferroalloy Holding, causing significant monetary damages to Pinchuk and to the Cyprus Petitioners.  *See* ECF 1-3 at ¶¶ 81-85; *Cyprus* ECF 1-2 at ¶¶ 20-25.

As a result of these alleged violations and breaches, Pinchuk initiated the London Arbitration. In the London Arbitration, Pinchuk claims that Kolomoisky and Bogolyubov have breached the agreement between them personally because they:

---

[5] The remaining 25% interest in the Ferroalloy Holding is currently held by three other partners from whom no relief is sought in the London Arbitration or the Cyprus Court Actions. All references in herein to the ownership interests in the Ferroalloy Holding are as of the end of 2010 through the present date. (The parties' respective ownership interests in the Ferroalloy Holding have varied between 2006 and 2010.)

- acquired further ferroalloy assets without offering Pinchuk the opportunity to participate in those assets in proportion to Pinchuk's interest in the Ferroalloy Holding or otherwise as required under the parties' agreements. *See* ECF 1-3 at Ex. 2, ¶¶ 60, 62-71;

- failed to distribute on at least an annual basis to Pinchuk his share of the Ferroalloy Holding's profits. *See id.* at ¶¶ 61, 72-73;

- misappropriated and artificially depressed the profits of the Ferroalloy Holding through self-dealing transactions, for example by causing the Ferroalloy Holding entities to (directly or indirectly) buy raw materials at above-market prices from or sell products at below-market prices to entities owned or controlled by Kolomoisky and/or Bogolyubov, including the Corporate Discovery Respondents. *See id.* at ¶¶ 61, 74-77; and

- diverted profits from Ferroalloy Holding to companies owned and/or controlled by Kolomoisky and/or Bogolyubov. *See id.* at ¶¶ 61, 74.

Through the London Arbitration, Pinchuk seeks damages from Kolomoisky and Bogolyubov as a result of these breaches. [ECF 1-3].

Several months after Pinchuk initiated the London Arbitration, the Cyprus Petitioners filed the Cyprus Court Actions, in which they allege that Kolomoisky and Bogolyubov: engaged in self-dealing transactions and misappropriated and diverted money, assets, and profits of the Ferroalloy Holding; pursued an oppressive dividend policy and/or failed to declare dividends and/or distribute profits annually as required; and refused to provide information needed to calculate and audit the profits of the Ferroalloy Holding. *See Cyprus* ECF 1-2 at Ex. A (Tsirides Decl.) at ¶ 17. The Cyprus Petitioners also allege that Kolomoisky and Bogolyubov affirmatively misled them as to true financial picture of the Ferroalloy Holding. *See id.* at ¶ 30. The Cyprus Petitioners seek certain injunctive relief, including that the other shareholders be required to buy the Cyprus Petitioners' shares in the Cyprus Holding Companies at a price per share that is determined by an accountant. *See id.* at 15 (prayer for relief).

5

The London Arbitration and Cyprus Court Actions, while seeking different relief, address much of the same alleged misconduct by Kolomoisky and Bogolyubov. Accordingly, the First and Second 1782 Proceedings, which seek discovery for use in the London Arbitration and Cyprus Court Actions, respectively, raise a host of common questions of law and fact.

In both 1782 Proceedings, Pinchuk and the Cyprus Petitioners seek to obtain the same documents from the same Discovery Subjects pursuant to the same federal statute. Both 1782 Proceedings require the Court to evaluate the statutory requirements of § 1782, as well as the four *Intel* factors in connection with the disputes at issue. Those requirements and factors include:

(i) whether the request is made by an interested person;

(ii) whether the request seeks evidence (iii) for use in a proceeding in a foreign tribunal;

(iv) whether the Discovery Subjects are found in this district;

(v) whether the Discovery Subjects are participants in the foreign proceedings;

(vi) the nature and character of the foreign proceedings, including the foreign tribunal's receptivity to the evidence at issue and the U.S. court's assistance;

(vii) whether the 1782 Proceedings conceal an attempt to circumvent the proof-gathering restrictions in the foreign tribunals; and

(viii) whether the discovery requests are unduly intrusive or burdensome.

*See In re Clerici,* 481 F.3d 1324, 1331-32 (11th Cir. 2007); *see also Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, at 246-47 (2004). With respect to both the First 1782 Proceeding and the Second 17832 Proceeding, the legal and factual analysis for most of these requirements and factors is similar or identical.

## II.     Consolidation for All Purposes Is Appropriate.

"It is well-settled that the decision to consolidate is entirely within the discretion of the district court as it seeks to promote the administration of justice." *Chatham Condo. Assocs. v. Century Village, Inc.*, 597 F.2d 1002, 1014 (5th Cir. 1979) (affirming district court's ruling to consolidate four actions that "involve questions of law and fact which are identical") (internal quotation omitted); *Vincelli v. Nat'l Home Health Care Corp.*, 112 F. Supp. 2d 1309, 1316 (M.D. Fla. 2000) (consolidating shareholder actions that "share both factual and legal issues in common"); *Newman v. Eagle Bldg. Techs.*, 209 F.R.D. 499, 501-02 (S.D. Fla. 2002) (consolidating class actions because "[t]he complaints present virtually identical claims for relief based upon a single course of conduct").  In applying Rule 42(a), "[c]ourts have taken the view that considerations of judicial economy favor consolidation." *Vincelli*, 112 F. Supp. 2d at 1312.

Here, consolidation is essential for the efficient administration and management of the 1782 proceedings.  Both actions are before this same Court and share key parties.

Because the 1782 Proceedings present common questions of law and fact, consolidation promotes judicial efficiency by streamlining and simplifying case management and discovery issues, and by reducing the waste, redundancy, and inefficiency that would result from separate proceedings on identical issues.  *See Newman*, 209 F.R.D. at 501-502.  Consolidation also ensures that any protective orders that may be entered are consistent with one another and that the Court has the opportunity to consider all issues that may be raised in connection with such proposed protective orders.

Therefore, consolidation for all purposes is appropriate.

## III.    Statement of Pre-Filing Conference

Pursuant to S.D. Fla. L.R. 7.1(a)(3), undersigned counsel for Pinchuk hereby certifies that they have conferred with counsel for the Discovery Subjects and Proposed Intervenors

regarding the relief requested by this motion, and have been advised that the Discovery Subjects and Proposed Intervenors do not oppose the Motion to the extent that the relief is limited to conducting future hearings on the two petitions as governed by Fed. R. Civ. P. 42(a)(1).  Undersigned counsel is also authorized to represent that the Cyprus Petitioners (who are Applicants in the Second 1782 Proceeding) consent to the relief requested herein.

Respectfully submitted,

s/Elizabeth B. Honkonen
Richard H. Critchlow (FL Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen (FL Bar No. 0149403)
ehonkonen@knpa.com
Ryan Zagare (FL Bar No. 28700)
rzagare@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:	(305) 373-1000
Facsimile:	(305) 372-1861
*Counsel for Applicant Victor Mikhaylovich Pinchuk*

**CERTIFICATE OF SERVICE**

**I certify** that on January 23, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/Elizabeth B. Honkonen

## SERVICE LIST

Jeffrey B. Crockett, Esq.
jcrockett@coffeyburlington.com
Armando Rosquete, Esq.
Arosquete@coffeyburlington.com
Benjamin Brodsky, Esq.
bbrodsky@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, PH
Miami, Florida  33131
Telephone:     (305) 858-2900
Facsimile:     (305) 858-5261
*Counsel for Discovery Subjects*
**[VIA CM/ECF]**

Jose I. Astigarraga, Esq.
jastigarraga@astidavis.com
Edward M. Mullins, Esq.
emullins@astidavis.com
Arnoldo B. Lacayo, Esq.
alacayo@astidavis.com
ASTIGARRAGA DAVIS MULLINS
 & GROSSMAN, P.A.
1001 Brickell Bay Drive, 9th Floor
Miami, Florida 33131
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202
*Counsel for Proposed Intervenors*
**[VIA CM/ECF]**

Richard H. Critchlow (FL Bar No. 155227)
rcritchlow@knpa.com
Elizabeth B. Honkonen (FL Bar No. 0149403)
ehonkonen@knpa.com
Ryan Zagare (FL Bar No. 28700)
rzagare@knpa.com
KENNY NACHWALTER, P.A.
201 South Biscayne Boulevard, Suite 1100
Miami, Florida  33131-4327
Telephone:     (305) 373-1000
Facsimile:     (305) 372-1861
*Counsel for Applicant Victor Mikhaylovich Pinchuk*
**[VIA CM/ECF]**

9