UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-MC-22857-GOODMAN

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in
Obtaining Evidence in this District
_____/

### ORDER ON *ORE TENUS* MOTIONS TO POSTPONE RULING

During a January 21, 2014 telephone hearing [ECF No. 59], Igor Kolomoisky and Gennadiy Bogolyubov ("K & B") and the Discovery Subjects made identical *ore tenus* motions to postpone a ruling on the pending Motion to Vacate [ECF No. 41]. The motions seek a delay until a hearing in the underlying LCIA arbitration, which is expected to occur in either February or March 2014. Apparently, Pinchuk is currently unrepresented in the London proceeding and is making arrangements to retain new counsel.

It further appears that the London panel is reluctant to provide any further clarification of its December 18, 2013 Order until Pinchuk has counsel. According to a recent filing by K & B [ECF No. 65], the London tribunal is expected to consider Kolomoisky's application for clarification at the next hearing (which should be either in February or March).

After the two *ore tenus* motions were raised before me, Pinchuk announced his opposition to the requests. He wants a ruling now.

**I.     DISCUSSION**

Because the Undersigned believes it would be significantly helpful to obtain additional guidance from the tribunal conducting the underlying proceeding in London, I conclude that it makes sense to postpone a ruling on the motion to vacate [ECF No. 41] the discovery order [ECF No. 5] until shortly after the London panel holds its next hearing. The Undersigned certainly cannot direct the London arbitrators to do anything, let alone provide clarification on the issues before me, and I am not in any way seeking to pressure the arbitrators to do anything. If they choose to deny, postpone, or otherwise not take action on Kolomoisky's application for further clarification of their December 18, 2013 ruling, then that is entirely their prerogative.

However, if the arbitration tribunal is willing to provide clarification and to assist the Undersigned in resolving the motion to vacate, then the Undersigned respectfully notes interest in receiving clarification on the following issues, which the parties before me have not provided:

1. Do (or will) the applicable rules or guidelines in the arbitration proceeding permit the parties to take depositions of parties or witnesses before the final arbitral trial or hearing, and to use that deposition testimony in the arbitration proceeding?

2. Although the *tribunal* may not itself need assistance from United States courts in obtaining documents for use in the arbitration, do the rules governing the arbitration preclude the *parties* from seeking to obtain those documents in the Section 1782 proceeding or from using the materials in the arbitration?

3. Section 1782 proceedings are designed to assist foreign tribunals and litigants appearing in those foreign proceedings. Any discovery obtained in the United States is subject to the foreign tribunal's rules. If the rules or the tribunal's judicial philosophy do not permit the acquisition or use of such discovery, however, then there is little reason for the Undersigned to permit such discovery. Assuming that the arbitration panel is not prohibited from announcing its preference and is not otherwise reluctant to give notice of its druthers, would the panel consider documents and/or deposition testimony which Pinchuk might obtain in the United States (given that the panel's December 18 order specifically noted that it was not ruling on whether Pinchuk *must* suspend his Section 1782 proceeding) or would the panel refuse to consider evidence obtained through the Section 1782 proceeding?

4. When, if at all, does the tribunal expect to determine whether it will issue an order for production in the arbitration of the documents at issue in the Section 1782 proceeding?

3

## II.     CONCLUSION

For the reasons discussed above, the Undersigned **grants** K & B and the Discovery Subjects' *ore tenus* motions for postponement of a ruling on the Motion to Vacate. The Undersigned will postpone a ruling on the motion until after the next hearing in the London arbitration (and, hopefully, any further clarification from the tribunal).

**DONE AND ORDERED** in Chambers, in Miami, Florida, January 28, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record