UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:13-22857-MC-GOODMAN

IN RE: APPLICATION OF VICTOR
MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN
OBTAINING EVIDENCE IN THIS
DISTRICT

_____/

**DISCOVERY SUBJECTS' RESPONSE
TO APPLICANT'S MOTION TO CONSOLIDATE**

Felman Production, LLC ("FP"), Felman Trading, Inc. ("FT"), CC Metals and Alloys, LLC ("CCMA"), Georgian American Alloys, Inc. ("GAA") ("Corporate Discovery Subjects") and Mordechai Korf ("Mr. Korf") (collectively, the "Discovery Subjects"), respond to the Motion to Consolidate [DE63] filed by Applicant Victor Mikhaylovich Pinchuk ("Pinchuk"). Specifically, while the Discovery Subjects consent to consolidation for the limited purpose of conducting joint future hearings, the Discovery Subjects oppose consolidation "for all purposes" as requested by Pinchuk.

While the two 28 U.S.C. § 1782 proceedings sought to be consolidated by Pinchuk involve some common questions of law and fact, such that consolidation for the limited purpose of conducting future hearings would be appropriate, consolidation for all purposes poses a specific and significant risk of confusion and prejudice to the Discovery Subjects. As set forth herein, the Motion to Consolidate should be granted in part and denied in part, allowing only consolidated future hearings.

## BACKGROUND

Pinchuk filed his initial *ex parte* Section 1782 Application in the above-styled ancillary discovery action requesting documents and a deposition in connection with an arbitration initiated by him at the London Court of International Arbitration ("LCIA") against Intervenors Kolomoisky and Bogolyubov. [DE 1] ("LCIA 1782 Application"). The Court granted the *ex parte* LCIA 1782 Application on September 20, 2013. [DE 5]. Pinchuk then proceeded to serve subpoenas on the Discovery Subjects, who then filed timely objections and motions in connection thereto.

Specifically, the Discovery Subjects and Intervenors Kolomoisky and Bogolyubov challenged the propriety of Pinchuk's LCIA 1782 Application and the Court's Order granting same. The Discovery Subjects also raised arguments in the context of motions to quash the subpoenas served by Pinchuk and/or for protective order as well as a motion to vacate the order granting the LCIA 1782 Application. [DE 23; DE 41]. For their part, the Intervenors joined in the motion to vacate during the time of their conditional intervention. [DE 58].

Once these arguments were raised, and the underpinnings of the LCIA 1782 Application were undermined, Pinchuk moved to buttress that application by moving to "supplement" the record with evidence of a series of new court actions filed in Cyprus ("Cyprus Actions") where he was not a party. [DE 22]. Pinchuk maintained that the discovery sought in the LCIA 1782 Application also was relevant to the Cyprus Actions and that the Court should allow the use of the already authorized discovery in the Cyprus Actions as well. *Id.*

The Discovery Subjects opposed Pinchuk's efforts and noted that the motion to supplement was nothing more than a belated effort to buttress the fatally flawed LCIA 1782

Application and to circumvent the LCIA discovery restrictions which the Discovery Subjects and Intervenors had brought to this Court's attention. [DE 34].  Indeed, by the time of this Court's December 19, 2013 omnibus hearing, the LCIA itself had weighed in with an order stating that it did not require the assistance of this Court at this time. [DE 41-1 at 5-6].  During the same hearing in December, the Court granted the motion to supplement in part, [DE 45], denying authorization to use any discovery from the LCIA 1782 Application in the Cyprus Actions, and leaving open the door to further filings by Pinchuk in that regard.

Pinchuk then filed a new Section 1782 Application, joined as co-Applicant by a number of the Cyprus Plaintiffs on January 6, 2014 ("Cyprus 1782 Application").  The Cyprus 1782 Application was assigned Case No. 14-MC-20047-JEM.  Pinchuk also identified his previously-filed LCIA 1782 Application as a related case and his Cyprus 1782 Application subsequently was transferred to this Court as a related matter.  Pinchuk then moved to consolidate the two 1782 proceedings "for all purposes," [DE 63], arguing that they "concern discovery of the same documents and testimony from the exact same Discovery Subjects" and that because of "the overwhelming overlap in the parties and the legal and factual issues, the two 1782 Proceedings should be consolidated for all purposes."  [*Id.* at 1].

As established below, any consolidation of the two matters should be limited to future hearings, but nothing more, as there is substantial risk of confusion and prejudice if the consolidation is broader as advocated by Pinchuk.

**ARGUMENT**

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid

unnecessary cost or delay." While the district court has discretion to consolidate actions to promote the administration of justice, "it should consider claims of prejudice to the parties in deciding whether to consolidate cases." *Lexington Lasercomb I.P.A.G. v. GMR Prods., Inc.*, 442 F. Supp. 2d 1277, 1278-79 (S.D. Fla. 2006) (denying motion to consolidate pending related patent actions "[g]iven the potential confusion over the different infringing devices at issue in the cases . . . and the potential prejudice that may result"). Thus, when consolidating a case pursuant to Rule 42(a), "the district court must take care to ensure that the trial of the consolidated actions will be conducted in a manner which does not prejudice the rights of the parties." *Dempsey v. Mac Towing, Inc.*, 876 F. 2d 1538, 1545 (11th Cir. 1989).

In order to minimize any potential confusion and avoid any prejudice to the rights of the parties, the court may order consolidation for limited purposes only. For example, in *Dempsey*, the district court "expressly noted that the cases were being consolidated '***for the purpose of trial only***.'" *Id.* (emphasis added). The Eleventh Circuit concluded that appellant had not been prejudiced by the district court's consolidation of the two cases, "[g]iven that the two cases were ***consolidated for the purpose of trial only*** and that the district court judge specifically told the jury to ***consider the evidence and claims against each defendant separately***." *Id.* (emphasis added). Similarly, in *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1496 (11th Cir. 1985), the Eleventh Circuit found it was entirely reasonable for the district court to consolidate ***for trial*** four absbestosis claims which presented common issues of law and fact after proper consideration of the risks of prejudice and possible confusion. Indeed, the district court in *Hendrix* took considerable care to "minimize any confusion that might result from trying the four cases together" including the adoption of a specific procedure "[t]o ensure that each claim would receive separate consideration" and even gave cautionary instructions to remind the jurors that,

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

during their deliberations, "they would have to consider each of the plaintiffs' claims separately." *Id.* at 1496-97.

      Here, consolidation of the two 1782 Proceedings "for all purposes" poses a specific and significant risk of confusion and potential prejudice to the rights of the Discovery Subjects. In connection with the LCIA 1782 Application, the Discovery Subjects and the Intervenors have entered into an agreement to produce documentary evidence as may be ordered by the LCIA tribunal. [DE 50-4]. In the Cyprus 1782 Application, the Court has set a separate briefing schedule and the Discovery Subjects are in the process of complying with that briefing schedule. Moreover, while the Cyprus 1782 Application remains an effort to circumvent the discovery limitations associated with the LCIA arbitration rules, and an end-run around the LCIA's orders presented to this Court, [DE 40-1 at 5-6; DE 54], consolidation of the two Section 1782 actions for all purposes would result in a situation where motions and orders dealing with the two proceedings could confuse issues relevant to one, or some, but not all, of the more than twenty (20) foreign proceedings now referenced in Pinchuk's 1782 Applications. In addition, consolidation for all purposes would result in a situation fraught with potential for confusion and prejudice to the Discovery Subjects in relation to any use restrictions this Court may impose on discovery arising out of either proceeding or in connection with any protective or confidentiality order that may be necessary in connection therewith.

CASE NO.: 1:13-22857-MC-GOODMAN

## CONCLUSION

For the foregoing reasons, the Discovery Subjects respectfully request that any consolidation of the two Pinchuk Section 1782 proceedings be limited to consolidation for the purpose of holding joint hearings only.

Respectfully submitted,

By:    /s/ *Armando Rosquete*
COFFEY BURLINGTON, P.L.
Armando Rosquete, Esq.
arosquete@coffeyburlington.com
Florida Bar No. 648434
Jeffrey B. Crockett, Esq.
jcrockett@coffeyburlington.com
Florida Bar No. 347401
Benjamin Brodsky, Esq.
bbrodsky@coffeyburlington.com
Florida Bar No. 073748
2699 South Bayshore Drive, PH
Miami, Florida 33133
Telephone:  (305) 858-2900
Facsimile:  (305) 858-5261

*Attorneys for Discovery Subjects, Felman Production, LLC, Felman Trading, Inc., CC Metals and Alloys, LLC, Georgian American Alloys, Inc., and Mordechai Korf*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 10th day of February, 2014, on all counsel or parties of record on the Service List below.

                 */s/ Armando Rosquete*
                 Armando Rosquete

6

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE    2699 SOUTH BAYSHORE DRIVE    MIAMI, FLORIDA 33133
T: 305.858.2900    F: 305.858.5261
Email: info@coffeyburlington.com    www.coffeyburlington.com

CASE NO.: 1:13-22857-MC-GOODMAN

# SERVICE LIST

Case No.: 13-MC-22857-JG

**UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| Richard H. Critchlow, Esq.<br>Elizabeth Brooks Honkonen, Esq.<br>Jalaine Garcia, Esq.<br>KENNY NACHWALTER, P.A.<br>201 S. Biscayne Boulevard<br>Miami Center- Suite 1100<br>Miami, Florida 33131-4237<br>305-373-1000<br>rcritchlow@kennynachwalter.com<br>ebh@kennynachwalter.com<br>jgarcia@kennynachwalter.com<br><br>*Attorneys for Victor Mikhaylovich Pinchuk* | José I. Astigarraga, Esq.<br>Edward M. Mullins, Esq.<br>Arnoldo B. Lacayo, Esq.<br>ASTIGARRAGA DAVIS MULLINS &<br>GROSSMAN, P.A.<br>701 Brickell Avenue, 16th Floor<br>Miami, Florida 33131<br>Tel: (305) 372-8282<br>Fax: (305) 372-8202<br>jastigarraga@astidavis.com<br>emullins@astidavis.com<br>alacayo@astidavis.com<br><br>*Attorneys for Proposed Intervenors Igor Kolomoisky and Gennadiy Bogolyubov* |

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com