UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 1:13-MC-22857-GRAHAM/GOODMAN

IN RE APPLICATION OF
Victor Mikhaylovich Pinchuk
Pursuant to 28 U.S.C. § 1782
For Judicial Assistance in this District

_____/

### INTERVENORS KOLOMOISKY'S AND BOGOLYUBOV'S APPEAL OF THE MAGISTRATE JUDGE'S JANUARY 27, 2014 ORDER ON MOTION TO INTERVENE

Intervenors Igor Kolomoisky and Gennadiy Bogolyubov (together, the "Intervenors") appeal, pursuant to 28 U.S.C. § 636(b)(1)(A), and Rule 4(a) of the Magistrate Judge Rules of this Court, the January 27, 2014 Order of Magistrate Judge Goodman on the Intervenors' Motion to Intervene (DE68) ("the Order on Appeal").

### I.  INTRODUCTION

This is an appeal from an order entered by Magistrate Judge Goodman denying in part the Intervenors' Motion to Intervene (DE10) (the "Motion to Intervene"), which sought full intervention as a matter of right under Fed. R. Civ. P. 24(a), or, alternatively, permissive intervention under Fed. R. Civ. P. 24(b), in the above-captioned proceeding.

In the Order on Appeal, Magistrate Judge Goodman "denie[d] (in significant part) and grant[ed] (in a conditional way) the motion to intervene as a matter of right" (DE68 at 3). Specifically, the Magistrate Judge granted intervention as a matter of right, but only for the "limited purposes of protecting and asserting personal privilege or confidentiality objections to the requested discovery."  Id. at 4.[1]  The broader intervention rights for which Fed. R. Civ. P. 24(a) provides were denied on the sole basis that the Intervenors had "not met their burden on

_____

[1] As noted in the Order on Appeal, Pinchuk did not oppose the Intervenors' "efforts to intervene for the limited purpose of protecting and asserting proper personal privilege or confidentiality objections to the requested discovery" (DE68 at 4).

1

the adequate protection requirement" under Rule 24(a).  Id. at 3.  Moreover, permissive intervention under Fed. R. Civ. P. 24(b) was denied in its entirety because the Intervenors had "not demonstrated that their intervention will not generate undue delay or prejudice." Id. at 4. For the reasons that follow, the Intervenors respectfully request that the Order on Appeal be reversed and that the Court enter an order granting the Intervenors full intervention rights.

First, this case is not a consent jurisdiction case, despite the fact that District Court Judge Graham's name was dropped from the case number and style during the course of this proceeding.  Magistrate Judge Goodman erroneously entered the Order on Appeal as a final order without first obtaining the consent of the parties or the Intervenors, as 28 U.S.C. § 636(c) and Magistrate Judge Rules 1(h) and 3 require.  The Order on Appeal was erroneously entered as an order, rather than as a report and recommendation under 28 U.S.C. § 636(b)(1)(B) and Magistrate Judge Rule 1(d).  The Order on Appeal should be treated as a report and recommendation, and reviewed *de novo*.

Second, the portions of the Order on Appeal limiting and restricting intervention as of right under Fed. R. Civ. P. 24(a), and denying permissive intervention under Fed. R. Civ. P. 24(b) in its entirety, are clearly erroneous and contrary law.  In particular, the Magistrate Judge misconstrued the factual record in this case and erred in applying the controlling law to those facts; the controlling law requires the Intervenors to meet only a "minimal" burden of showing that "their interests ***may be*** inadequately represented."  Federal Savings and Loan Ins. Corp. v. Falls Chase Spending, 983 F.2d 211, 216 (11th Cir. 1993) (emphasis in original); Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, n. 10 (1972).

Finally, the factual record in this case establishes that the pendency of this proceeding to date has not prejudiced Pinchuk in any way, and has not been precipitated by any delay on the

Intervenors' part. The Discovery Subjects[2] have adhered to the Court's preservation order requiring them to "preserve documents and evidence, electronic or otherwise, in their possession, custody or control" (DE5; DE38). Moreover, the record here shows that the duration of this proceeding has been most directly impacted by Pinchuk's opposition to the Intervenors' intervention and by the withdrawal of Pinchuk's counsel from the London Court of International Arbitration ("LCIA") proceeding that Pinchuk has commenced against the Intervenors, and for which he seeks discovery assistance under Section 1782 (DE1).

The Intervenors respectfully request that this Court reverse the Order on Appeal and enter an Order granting them full intervention rights under Federal Rule of Civil Procedure 24(a) and (b).

## II.        FACTUAL BACKGROUND

On August 9, 2013, Pinchuk filed his *ex parte* Application for discovery under 28 U.S.C. § 1782 (DE1), and the matter was assigned to the Hon. Judge Donald Graham (DE2). In his Application, which sought testimonial and documentary evidence from the Discovery Subjects, Pinchuk claimed that the discovery sought was "for use in a pending arbitration before the London Court of International Arbitration [i.e., the LCIA Arbitration]. . . that Applicant has instituted against his business partners . . . Kolomoisky and . . . Bogolyubov." (DE1 at 1). Pinchuk followed the Application with a second *ex parte* filing on September 6, 2013 - a Motion to Expedite Consideration of *Ex Parte* Application For Discovery (the "Motion to Expedite") (DE3).

In the *ex parte* Motion to Expedite, Pinchuk represented to this Court that expedited consideration of his Application was necessary because "[r]ecent public announcements by one

---

[2] The five "Discovery Subjects" are Felman Production, LLC, Felman Trading, Inc., CC Metals and Alloys, LLC, Georgian American Alloys, Inc. ("GAA") and Mordechai Korf.

of the [Discovery Subjects] from whom Pinchuk seeks discovery that it has ceased operations temporarily and will lay off 100 employees have exacerbated Pinchuk's concern with his ability to obtain the discovery he seeks in his Application" (DE3 at 1).

On September 9, 2013, the Hon. Judge Graham entered an Order of Reference, (DE4), providing that, "[p]ursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is hereby referred to United States Magistrate Judge Goodman to take all necessary and proper action as required by law regarding Applicant's Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782." Id.  However, the parties did not consent to the jurisdiction of the Magistrate Judge, and have not done so subsequently.

On September 20, 2013, the Magistrate Judge entered an Order granting Pinchuk's *ex parte* Application and Motion to Expedite (DE5).  As explained above, the September 20, 2013 Order contained a preservation provision requiring the Discovery Subjects to "preserve documents and evidence, electronic or otherwise, in their possession, custody or control."  Id. at 7, ¶4.  Thereafter, beginning on September 23, 2013, Pinchuk served subpoenas on three of the four corporate Discovery Subjects, and on the individual Discovery Subject, Mr. Mordechai Korf.  (DE10 at 3).

The Intervenors first became aware of Pinchuk's *ex parte* Application only after service of the subpoenas on the Discovery Subjects.  Id.  Immediately thereafter, the Intervenors sought the advice of counsel in the United States and, on October 31, 2013, timely sought leave to intervene as interested persons in this proceeding pursuant to Fed. R. Civ. P. 24(a) and (b).  Id. at 3-4, 12-18.  The Motion to Intervene indicated that, if the Court were to grant the requested intervention, the Intervenors intended to file motions attacking Pinchuk's Section 1782

4

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Application; seeking vacatur or modification of the Order granting same; seeking quashal or modification of the subpoenas served on the Discovery Subjects; and seeking a limited stay of the discovery in this District pending resolution of certain imminent applications to be filed in London which would address the discovery sought by Pinchuk here (DE10 at 17).  The Motion to Intervene also annexed the Declaration of Noah Rubins, counsel to Mr. Kolomoisky in the LCIA proceedings (DE10-1), which provided the Court with material information regarding the private LCIA proceedings to which the Discovery Subjects are not party.  Throughout, the Intervenors maintained that they had independent interests to protect in these proceedings and cited binding and persuasive legal authority establishing that intervention is appropriate where, as here, the Discovery Subjects are not parties to the foreign proceeding in support of which discovery assistance is sought.  See e.g., (DE10 at 15-16).

Shortly after the Motion to Intervene was filed, the Discovery Subjects filed a Motion to Stay Portions of the Order Granting Pinchuk's *Ex Parte* Application for Third-Party Discovery, (DE17), seeking a stay of Paragraphs 1-3 and 5-6 of the Order granting Pinchuk's Section 1782 Application, but not "seeking to disturb in any way Paragraph 4 of the Order (the "Document Preservation Aspects"), with which the Discovery Subjects have already complied and will continue to comply."  Id. at 1.  The Discovery Subjects, relying in significant part on the Intervenors' Motion to Intervene and supporting materials describing the status of the LCIA arbitration, emphasized that "[a] stay of the Discovery Aspects of the Order [would] allow the LCIA Arbitration Tribunal to be constituted and rule in the near future on the proper scope of discovery in the proceedings before it, and to allow the Proposed Intervenors to address squarely Pinchuk's unsubstantiated claim that the Tribunal would sanction the sweeping discovery he has

sought here in the United States." Id. at 2.[3]

Thereafter, on November 4, 2013, Magistrate Judge Goodman entered an Endorsed Order (DE19) concerning the Discovery Subjects' Motion to Stay (DE17), and requiring Pinchuk, as part of his response to the motion to stay, to "file an affidavit (or declaration) from an appropriate expert, explaining how long it will take for the London Court of International Arbitration to be fully constituted in the underlying arbitration and how long it likely will take to obtain a ruling from the LCIA about the scope of permissible discovery and whether the Section 1782 application at issue in the instant case is within the scope of authorized discovery" (DE19). The Discovery Subjects were granted leave to file an affidavit or declaration addressing the same issues in connection with their reply or by the same deadline for the filing of a reply. Id.

On November 11, 2013, Pinchuk filed his Memorandum in Opposition to the Motion to Intervene (DE24).  On the following day, November 12, 2013, Pinchuk filed his Response to Discovery Subjects' Motion to Stay Portions of the Order Granting Pinchuk's Ex Parte Application for Third-Party Discovery (DE25).  As part of the latter Response, Pinchuk filed the Declaration of Duncan Matthews QC, which addressed, among other things, the LCIA arbitration and the LCIA and International Bar Association ("IBA") rules that will apply in those proceedings (DE25-1).  In his Response, Pinchuk also argued that the stay requested by the Discovery Subjects should be denied because it would be "inefficient and futile to delay § 1782 discovery until the LCIA Tribunal decides the discovery issues that the Discovery Subjects assert that the LCIA Tribunal might one day address, especially in light of the fact that the LCIA Tribunal has no jurisdiction over the Discovery Subjects."  (DE25 at 2-3).

On November 13, 2013, Magistrate Judge Goodman entered a further Endorsed Order

---

[3] During the same time period, the Discovery Subjects filed a Motion to Quash or, in the Alternative, For a Protective Order (DE23).

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

establishing a briefing schedule and setting an omnibus hearing for December 5, 2013 for the purpose of addressing the Motion to Intervene and the other three motions filed by the Discovery Subjects and Pinchuk that were then pending (DE26). The November 13, 2013 Endorsed Order also provided that all discovery would be "on hold until the Court issues a substantive order ruling on the pending motions." Id. That omnibus hearing was later continued in response to a joint request by Pinchuk, the Discovery Subjects and the Intervenors to December 19, 2013 (DE28).

On November 22, 2013, the Intervernors filed their Reply in Support of Motion to Intervene (DE29). The Intervenors' Reply noted that Pinchuk's Memorandum in Opposition to the Motion to Intervene had failed to cite a single case from this Circuit or District in which a Court has *not* allowed the parties to the foreign proceeding for which the 1782 application has been filed to intervene in the Section 1782 proceeding (DE29 at 1). Additionally, the Intervenors' Reply noted that Pinchuk's Memorandum in Opposition had completely failed to address the the Intervenors' request for permissive intervention under Fed R. Civ. P. 24(b). Id. at 2. The Intervenors' Reply in Support of the Motion to Intervene reiterated the undisputed fact that the Discovery Subjects are not parties to the private LCIA arbitration and that they were accordingly limited in their ability to answer the questions posed by the Court in its Endorsed Order of November 4, 2013, and in their ability to challenge the validity of Pinchuk's declarant's responses to the same questions. (DE29 at 3). As a result, the Intervenors argued that, without intervention, Pinchuk's one-sided assertions as to the private LCIA proceeding would go unchallenged, thereby denying the Court vital information necessary to asses Pinchuk's Section 1782 Application. Id. It was for these reasons that the Intervenors submitted, as part of their Reply in Support of the Motion to Intervene, the Declaration of Ms. Hilary Heilbron QC, a

very senior London Barrister with extensive LCIA arbitration experience, that addressed the questions posed by the Court to Pinchuk and the Discovery Subjects (DE29-1).

One week prior to the omnibus hearing, on December 12, 2013, Magistrate Judge Goodman entered an Endorsed Order stating that, "[t]he Court would appreciate receiving at the [December 19, 2013] hearing a status report about the London Court of International Arbitration Proceeding.  Those parties with information should be prepared to provide an oral update.  To the extent that there are documents relating to the status of the LCIA Tribunal arbitration, such as trial/hearing scheduling orders, orders concerning the scope and timing of discovery, decisions about document exchange, and/or rulings relating to the pendency of the instant Southern District of Florida proceeding, the parties should bring copies for the Court" (DE37).

On December 18, 2013, following a hearing, the LCIA Tribunal entered an order stating that the LCIA Tribunal "does not presently need to seek the assistance of the U.S. Courts for the purpose of the arbitration" (DE40-1 at 5-6).  The order was subsequently filed in this proceeding by both Pinchuk and the Intervenors (DE39; DE40-1).  As part of their filing, the Intervenors also filed a letter submitted by Pinchuk's counsel in the LCIA arbitration, notifying the LCIA Tribunal of the White & Case firm's withdrawal as counsel of record for Pinchuk in the LCIA arbitration.  This withdrawal followed the commencement by GAA of an action to enjoin White & Case from acting in the LCIA and London High Court proceedings, based on a conflict of interest arising from White & Case's prior representation of GAA.  Id. at 7-8.  As explained below, the decision by Pinchuk's counsel to withdraw from the LCIA arbitration ultimately lead to the postponement of various deadlines (including a hearing) in the LCIA arbitration.  The postponement of those deadlines ultimately necessitated a partial stay of the 1782 proceedings.

For their part, based on the LCIA Tribunal's order of December 18, 2013, the Discovery

Subjects filed a Motion to Vacate the Discovery Aspects of the Court's Order on the Section 1782 Application on the eve of the omnibus hearing on December 19, 2013, (DE41).

The omnibus hearing proceeded on December 19, 2013.  The Court addressed a number of motions and resolved some of them.[4]  The Intervenors' Motion to Intervene was argued, but the Court did not issue a dispositive ruling on the request for intervention.  Instead, the Court granted conditional intervenor status to the Intervenors for the limited purpose of presenting arguments at the December 19, 2013 hearing and in briefing on the Motion to Vacate that had been filed by the Discovery Subjects the day before the omnibus hearing (DE43).  Thereafter, on December 23, 2013, Magistrate Judge Goodman entered a Post-Hearing Order Regarding Factual Clarification for Intervention Motion (the "Clarification Order," DE46).   The Clarification Order noted the Intervenors' argument that the LCIA arbitration is private, (DE46 at 2), and citing a statement by the Discovery Subjects' counsel at the omnibus hearing regarding the nature of the relationship between the Intervenors and the Discovery Subjects , (DE46 at 4), ordered each of the Intervenors to submit an affidavit:

1. Explaining in detail the business and financial relationship between them, including any type of common ownership or interest of any kind in any of the Discovery Subjects.

2. Explaining, with specificity, the reasons how and why Kolomoisky believes he can provide assurances to the LCIA Arbitration [Tribunal] that he can produce all responsive documents in the Discovery Subjects' possession, including agreements (whether written or oral) to produce discovery.[5]

(DE46 at 5).

In compliance with the Clarification Order, the Intervenors filed their Response to Order

---

[4]  The transcript for the hearing was filed at (DE47).
[5]  This particular question alluded to an agreement between the Discovery Subjects and Kolomoisky to produce documents belonging to the Discovery Subjects in the LCIA arbitration as may be ordered by that Tribunal.   This agreement was announced to Magistrate Judge Goodman during the December 19, 2013 omnibus hearing.

Regarding Factual Clarification for Intervention Motion on January 10, 2014, (DE50).  As part of their Response, the Intervenors filed three declarations addressing the two questions interposed by the Court, as well as a written agreement between them and the Discovery Subjects that dealt with the assurance referenced in the Court's second question to the Intervenors above, (DE50-1; DE50-2; DE50-3; DE50-4).

Mr. Kolomoisky's Declaration (DE50-3) contained one redacted sentence (at paragraph 5) and one redacted exhibit (Exhibit A).  These redactions were the subject of additional motion practice and a telephonic hearing on January 21, 2014, which addressed a request by the Intervenors that the unredacted version of the Kolomoisky Declaration and Exhibit A thereto be allowed to be filed under seal and given an "attorneys' eyes only" designation limiting disclosure to Pinchuk's counsel at the Kenny Nachwalter firm.  This request was based on the sensitivity and confidentiality of the redacted information and the disqualification proceedings then pending against White & Case in London, which same firm had supervised the Kenny Nachwalter firm's preparation of the instant Section 1782 Application. See (DE60).

Following the telephonic hearing on January 21, 2014, Magistrate Judge Goodman issued a Notice of Court Practice and, later, an Amended Notice of Court Practice in the Event of the Court's Denial of a Motion to Seal, both on January 23, 2014, (DE61; DE64).  On January 27, 2014, Pinchuk filed his Memorandum in Opposition to the Proposed Intervenors' Motion to Seal and for Related Relief (DE67).  On the same day, January 27, 2014, without allowing the Intervenors an opportunity to reply, (DE66), or a reasonable opportunity to determine whether to file unredacted versions of the previously-redacted documents, Magistrate Judge Goodman issued the Order on Appeal, (DE68), denying intervention except for the extremely narrow

purpose of allowing the Intervenors to raise personal privilege and confidentiality objections to Pinchuk's discovery.

The entry of the Order on Appeal also followed the filing on January 21, 2014, of the Intervenors' Reply in Support of Motion to Vacate (DE58). In this filing, the Intervenors once again demonstrated the crucial need for their intervention, by explaining the significance of a second order by the LCIA Tribunal dated January 10, 2014, that they themselves had had to file a few days earlier (DE54). That second order from the LCIA Tribunal followed an application by Kolomoisky seeking clarification of the Tribunal's December 18, 2013 order and consideration of the same application for clarification at a procedural hearing previously scheduled for January 14, 2014, (DE58 at 2-3). In the referenced application, Kolomoisky requested clarification from the Tribunal as to "the scope of document production for the Parties and the Florida Court, at least by confirming that the IBA Rules will apply," (DE54-2 at 3), arguing further that, "the IBA Rules do not contemplate any depositions of witnesses who are willing to appear before the Tribunal [and that] in accordance with Article 4(9) of the IBA Rules, should a party wish to depose a witness who will not appear voluntarily, that party must request that the Tribunal take steps to obtain such evidence, or alternatively seek authorization from the Tribunal to take such steps itself." Id.

Given the urgency of the matter, including a court-imposed deadline to file a Reply in Support of the Motion to Vacate by January 20, 2014, Kolomoisky requested that the LCIA Tribunal "indicate to the Florida Court that it would not regard as appropriate in [the LCIA Arbitration,] deposition and documentary evidence obtained in the absence of express direction from the Tribunal pursuant to the IBA Rules." Id. at 4.

Pinchuk, for his part, sought to obtain postponement of the procedural hearing in the

11

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

LCIA Arbitration that was then scheduled for January 14, 2014 (DE54-4 at 2-8).[6]  It was at this procedural hearing that Kolomoisky asked the Tribunal to address his application of December 31, 2013, seeking clarification of the Tribunal's December 18, 2013 order (DE54-2 at 4-5).  Based on Pinchuk's lack of counsel in the LCIA arbitration, the Tribunal postponed the January 14, 2014 procedural hearing to February 18 or March 24, 2014, at the earliest, subject again to Pinchuk's retention of new counsel (DE54-1 at 3).  This delay in obtaining clarification of the December 18, 2013 order, triggered by Pinchuk alone, placed both the U.S. Court – which had expressed an interest in the LCIA Tribunal's views on more than one occasion[7] – and Pinchuk's opponents, including the Intervenors, at a disadvantage.

The LCIA's Tribunal's frustration with the procedural quagmire caused by Pinchuk's counsel's withdrawal was made evident in its order dated January 10, 2014, where it stated that, *inter alia*:

> Whilst [Pinchuk] is still seeking fresh counsel of record in the arbitration, the Tribunal is unable to issue any further Order, or clarification of its Order dated 18 December 2013, since it is unable to hear arguments from all Parties in respect of [Kolomoisky's] pending application **as it had intended to do on 14 January 2014**.

> The Tribunal records its concern that its ability to proceed with the arbitration and, specifically, to be responsive to enquiries emanating from the Southern District Court in Florida, **arises solely out of an absence of assistance from Counsel of Record for [Pinchuk] in the arbitration . . . .  Yet [Pinchuk] pursues his Section 1782 application before the Florida Court.**

> . . .

> It is not for the Tribunal to issue directions as to the conduct of any proceedings other than those of which it is seised and it would not presume to do so.  However, the Tribunal suggests that it would be regrettable, if any decision

---

[6] Pinchuk initially requested the postponement of the January 14, 2014 procedural hearing on December 23, 2013.  (DE54-3 at 2).  In his initial request, Pinchuk sought to delay the procedural hearing to February 2014.  Id.  Subsequently, on January 6, 2014, he sought postponement through late February or March 2014.  (DE54-4 at 3).

[7] See (DE19 and DE37).

were taken in proceedings in another jurisdiction intended to be in support of the arbitral process at a time when the Tribunal is unable to act by reason of [Pinchuk's] continuing lack of representation in the arbitration.

(DE54-1) (emphasis added).

One day after entry of the Order on Appeal, the Magistrate Judge entered an order on certain *ore tenus* motions that had been made by the Discovery Subjects and the Intervenors during the telephonic hearing of January 21, 2014 (the Order on *Ore Tenus* Motions to Postpone Ruling (DE69)). The *Ore Tenus* Motions requested that the Magistrate Judge delay his ruling on the Motion to Vacate, (DE41), until after a hearing in the underlying LCIA arbitration, which is expected to occur in either February or March 2014, and which is expected to deal with Kolomoisky's application for clarification of the LCIA Tribunal's December 18, 2013 order. Pinchuk opposed the motions. The Order on *Ore Tenus* Motions notes that the LCIA panel is reluctant to provide any clarification of its December 18, 2013 order <u>until Pinchuk retains new counsel</u>. <u>Id.</u> at 1 (emphasis added). The Magistrate Judge's Order on *Ore Tenus* Motions was granted over Pinchuk's objection because the Magistrate Judge "believes it would be significantly helpful to obtain additional guidance from the [LCIA] tribunal conducting the underlying proceeding in London. <u>Id.</u> at 2. Accordingly, the instant action is stayed pending the expected hearing in London—a hearing that was postponed solely to accommodate Pinchuk while he seeks to obtain new counsel.

## <u>ARGUMENT</u>

### I.    The Order on Appeal Was Entered Without the Consent of the Parties and Should Have Been a Report and Recommendation

District Court Judge Graham entered an Order of Reference, (DE4), providing that, "[p]ursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the above-captioned cause is hereby referred to United States Magistrate

Judge Goodman to take all necessary and proper action as required by law regarding Applicant's Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782." Id.

However, that order simply required the Magistrate Judge to take all required actions. The parties did not consent to the jurisdiction of the Magistrate Judge.

Accordingly, the Order on Appeal was erroneously entered by the Magistrate Judge without the consent of the parties or the Intervenors.  See Day v. Persels & Associates, LLC, 729 F.3d 1309, 1321-22 (11th Cir. 2013), citing N.Y. Chinese TV Programs, Inc. v. U.E. Enters., 996 F.2d 21, 25 (2d Cir. 1993) ("without the consent of ... 'intervenors', the magistrate judge's order has the effect only of a report and recommendation to the district judge, who upon the filing of objections must review de novo the recommendation"); see also Jaliwala v. United States, 945 F.2d 221, 223 (7th Cir. 1991) ("Without consent [from intervenors], the magistrate had no power to enter an appealable final judgment."); 12 Charles Alan Wright, et al., Federal Practice and Procedure § 3071.2 (2d ed. 1997) ("If consents are not obtained, these added parties, like any others who have not consented, retain the option of nullifying any resulting judgment on the ground that they never consented").

The practice in this District and the Middle District of Florida has been for a Magistrate Judge to submit a report and recommendation for the consideration of the District Court Judge when a motion to intervene is at issue because "a motion to intervene is a dispositive motion which must ultimately be decided by an Article III judge in the absence of consent." Newman v. Sun Capital, Inc., No. 2:09–cv–445, 2010 WL 326069, at *1 (M.D. Fla. Jan. 21, 2010); Smith v. Powder Mountain, LLC, Nos. 08–80820–civ, 08–cv–81185, 2010 WL 5483327, at *1 (S.D. Fla. Dec. 8, 2010) ("[T]he motion presently before the Court is a motion to intervene, which, because of its dispositive nature, cannot be decided by a magistrate judge absent the parties' consent.").

Accordingly, the Order on Appeal should have been a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Magistrate Judge Rule 1(d), subject to *de novo* review by the District Court Judge.

## II.     The Intervenors Met Their Burden For Intervention As of Right

Even if the Order on Appeal is considered pursuant to 28 U.S.C. § 636(b)(1)(A), and Rule 4(a) of the Magistrate Judge Rules of this Court, the portions of the Order on Appeal limiting and restricting intervention as of right under Fed. R. Civ. P. 24(a) are clearly erroneous and contrary to law because the Intervenors have met their minimal burden of showing that their interests may be inadequately represented by the Discovery Subjects.  Federal Savings and Loan Ins. Corp. v. Falls Chase Spending, 983 F.2d 211, 216 (11th Cir. 1993) (emphasis in original); Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538, n. 10 (1972).  Reversal is required under the appropriate standard of review.

The Intervenors have established that the Discovery Subjects are not parties to the LCIA arbitration underlying this Section 1782 action—and Pinchuk has not disputed this fact (DE1 at 5; DE10).  It is similarly undisputed that the LCIA arbitration which underlies this discovery proceeding is private and confidential to the exclusion of the Discovery Subjects.  (DE10 at 16). Similarly, the record before this Court shows that in every instance where the Court has requested information about the LCIA arbitration proceeding, (DE19; DE37), it has been the Intervenors who have had to supply the information and contradict Pinchuk's assertions about that proceeding, assertions which, but for the Intervenors's participation, would have gone unchallenged (DE29; DE40; DE50; DE54; DE58).

The Order on Appeal also contains material factual errors contradicted by the record in this case.  Specifically:

- The description of the corporate structure at page 2, footnote 2, of the Order on Appeal is out of date and erroneous as it was taken from a 2011 ruling by a different Court, (DE55-1), and preceded the corporate re-organization of certain Discovery Subjects in 2012. That fact was put in the record by Kolomoisky in his Declaration filed in response to the Clarification Order (DE50-3 at 4, ¶ 10).

- The Order on Appeal endorses at page 9 Pinchuk's erroneous submission that the agreement between the Intervenors and the Discovery Subjects before the LCIA was raised for the first time in Kolomoisky's Declaration to the Florida court on January 10, 2014. In fact, the agreement was described to the Florida Court in general terms on December 19, 2013, *prior* to its reduction to written form. <u>See</u> (DE47 at 124-25).

- The Order on Appeal states at page 10 that there is an "inconsistency" in the Intervenors' representations regarding their interests in the Discovery Subjects. This is not the case. The record here—with the exception of a stray statement by counsel for the Discovery Subjects during the Court's lengthy hearing, is clear— and it was clarified, upon the Court's request, by the declarations that the Intervenors were required to file. Kolomoisky's declaration states that both he and Bogolyubov "each hold an indirect minority interest in Georgian American Alloys, Inc. ("GAA"), and therefore in its wholly owned subsidiaries, which include Felman Production, LLC, Felman Trading, Inc., and CC Metals and Alloys, LLC." <u>See</u> (DE50-3 at 4, ¶ 7).

- The Order on Appeal erroneously suggests at page 10 that the LCIA Tribunal issued its December 18, 2013 order based on the representations of the Intervenors regarding their interests in the Discovery Subjects. In fact, the LCIA Tribunal's order states quite clearly that Kolomoisky's assurance involved his control of the documents that might be made the subject of an LCIA production order. <u>See</u> (DE40-1 at 5).

Additionally, because the intervention of interested parties generally promotes judicial efficiency and provides essential protection of an intervenor's rights, Rule 24 "traditionally has received a liberal construction in favor of applications for intervention." <u>Waller v. Fin. Corp. of Am.</u>, 828 F.2d 579, 582 (9th Cir. 1987); <u>Tweedle v. State Farm Fire & Cas. Co.</u>, 527 F.3d 664, 671 (8th Cir. 2008) ("Rule 24 should be liberally construed with all doubts resolved in favor of the proposed intervenor").

Moreover, the Intervenors have shown that persons and entities that are parties to a foreign proceeding in support of which a Section 1782 action is brought are routinely granted the

right to intervene under Fed. R. Civ. P. 24.  See, e.g., In re Application of Sarrio, S.A., 119 F.3d 143, 148 (2d Cir. 1997) ("[P]arties against whom the requested information will be used may have standing to challenge the lawfulness of discovery orders [obtained pursuant to Section 1782] directed to third parties"); In re Letter Rogatory from the Justice Court, 523 F.2d 562, 564 (6th Cir. 1975) ("Thus a party against whom the requested information is to be used has standing to challenge the validity of such subpoena on the ground that it is in excess of the terms of the applicable statute, here 28 U.S.C. § 1782"); In re Application of the Republic of Ecuador, No. 1:13-CV-01112-REB, 2013 WL 2477163 (D. Colo. 2013) (granting Chevron Corporation's motion to intervene as of right in a Section 1782 action where Chevron was a party to the foreign action that formed the basis for the Section 1782 application); In re Application of Heraeus Kulzer GMBH, 3:09-CV-530 RM, 2011 WL 3608643 (N.D. Ind. 2011) (allowing intervention as of right in Section 1782 proceedings where proposed intervenor had previously collaborated in the development of a product with the discovery target, and in doing so, shared confidential information with the discovery target, documents potentially containing such information had been requested by the petitioner, discovery target did not have an interest in protecting against disclosure of the information, and intervention was sought to protect against such disclosure).

The Intervenors also demonstrated that courts have determined that a shareholder, owner, parent, or affiliate of a party in litigation may intervene as of right in an action and is not *per se* precluded from intervening based on those relationships. See In re Consorcio Ecuatoriano de Telecomunicaciones S.A. v. JAS Forwarding (USA), Inc., 685 F.3d 987, 990-92 (11th Cir. 2012) (referencing intervention by foreign counterpart of U.S. Section 1782 discovery target).[8]  Indeed,

---

[8] See also B. Fernandez & Hnos., Inc. v. Kellogg USA, Inc., 440 F.3d 541 (1st Cir. 2006) (distributor had the right to intervene in action involving a manufacturer with a common parent, where the manufacturer was not a party to the agreements at issue, had no involvement in the events underlying the lawsuit, did not own or control distributor, and the relief sought would

in Consorcio, the domestic discovery subject and the foreign affiliate-intervenor were represented by the same counsel of record and the adequacy of that joint representation did not keep the foreign affiliate from obtaining intervention rights.  Id.

Similarly, a shareholder, owner, parent, or affiliate of a party is also not *per se* prohibited from seeking and obtaining permissive intervention. See, e.g., TPI Corp. v. Merch. Mart of S. Carolina, Inc., 61 F.R.D. 684 (D.S.C. 1974) (sister corporations of named defendant could permissively intervene in breach of contract suit against corporation and owner since common questions of fact were involved and intervention would not unduly delay or prejudice the proceedings).

Finally, Courts also routinely permit parties to intervene to protect against the disclosure of confidential information.  See, e.g., In re Heraeus Kulzer GMBH, 3:09-CV-530 RM, 2011 WL 3608643 (N.D. Ind. 2011); Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Inway, Inc., 3:02CV1005 J25MCR, 2007 WL 521245 (M.D. Fla. 2007), aff'd sub nom. Owner-Operator Indep. Drivers Ass'n, Inc. v. Landstar Sys., Inc., 622 F.3d 1307 (11th Cir. 2010) (granting Qualcomm's motion to intervene as of right and alternatively, for permissive intervention, when

---

have affected the distributor); Yorkshire v. U.S. I.R.S., 26 F.3d 942 (9th Cir.1994) (receded from on other grounds) (parent corporation could intervene as of right in action brought by a one percent shareholder in a subsidiary corporation, seeking tax return information of the subsidiary corporation and a partnership owned by separate subsidiaries of the parent); Franklin Sav. Ass'n v. Office of Thrift Supervision, 740 F. Supp. 1531 (D. Kan. 1990) (principal shareholder of a savings and loan association could intervene in S & L's action to remove its conservator when shareholder claimed an interest in the property at issue in the case); Miracle Mart, Inc. v. Margolis, 46 F.R.D. 458 (D. Mass. 1969) (minority shareholder in the corporate plaintiff could intervene as of right in an action by the corporate plaintiff against its former director for insider); Nedick's Stores, Inc. v. Genis, 34 F.R.D. 235 (S.D.N.Y. 1963) (minority stockholder could intervene in corporation's action against former director and stockholder for short-swing profits when representation of such stockholder's interest by the plaintiff might be inadequate because plaintiff did not assert certain transactions which intervenor asserted could afford a basis for recovery).

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

Qualcomm sought to intervene for purpose of protecting against the disclosure of certain pricing information for Qualcomm-related services and products).[9]

The Order on Appeal addressed none of these authorities.  Based on the foregoing, the Court's Order on Appeal, finding adequate representation such that the Intervenors cannot intervene fully as of right, is clearly erroneous and contrary to law.

### III.    The Intervenors Met Their Burden for Permissive Intervention

Finally, the portion of the Order on Appeal denying permissive intervention under Fed. R. Civ. P. 24(b) in its entirety is also clearly erroneous and contrary to law as the Intervenors demonstrated (1) timeliness; (2) a claim or defense with a common question of law or fact; and (3) no undue delay or prejudice for adjudication of the original parties' rights.  (DE10 at 16); Fed. R. Civ. P. 24(b); Chiles, 865 F.2d 1197, 1213 (11th Cir. 1997).

Indeed, Pinchuk presented no counter-argument to this form of intervention in his papers. The Magistrate Judge, for his part, was concerned about the third prong finding that permissive intervention was not proper because it would cause prejudice to the parties before the Court and undue delay (DE68 at 3-4).  However, the factual record in this case establishes that the duration

---

[9] See also Pensacola Firefighters' Relief Pension Fund Bd. of Trustees v. Merrill Lynch Pierce Fenner & Smith, Inc., 3:09CV53/MCR/MD, 2011 WL 3512180 (N.D. Fla. 2011), report and recommendation adopted, 3:09CV53/MCR/MD, 2011 WL 3511069 (N.D. Fla. 2011) (granting motion to intervene as of right by individuals seeking to protect certain emails from disclosure pursuant to attorney-client, work-product, and joint defense agreement privileges); In re Pool Products Distribution Mkt. Antitrust Litig., 2013-1 Trade Cases P 78430 (E.D. La. 2013) (granting FTC's motion to intervene as of right for purpose of asserting informant's privilege to prohibit disclosure of certain subpoenaed third parties who served as confidential informants during an investigation of the class action defendant); Tarazi v. Oshry, 39 Media L. Rep. 1743 (S.D. Ohio 2011) (permitting two individuals to intervene for purposes of protecting their identities in a defamation emanating from a publicized dependency action where one individual was a contributor to a blog known as "the Jawa Report," and the other was "the confidential source of certain information"); Compuware Corp. v. Moody's Investors Servs., Inc., CIV. 03-70247, 2004 WL 1092285 (E.D. Mich. 2004) (granting motion to intervene by third party for purpose of asserting privilege of confidential business information to prevent disclosure of documents regarding credit ratings for the third party even where litigant had raised the reporter's privilege as to the documents).

of this proceeding to date has not prejudiced Pinchuk in any way as the Discovery Subjects have adhered to the Court's preservation order requiring them to "preserve documents and evidence, electronic or otherwise, in their possession, custody or control" (DE5; DE38).

Additionally, the duration of this proceeding has been most directly impacted by Pinchuk's opposition to the Intervenors' intervention and by the withdrawal of Pinchuk's counsel from the LCIA arbitration in the face of a court action by the Discovery Subjects to disqualify that firm based on its improper representation of Pinchuk.  In fact, it was Pinchuk who requested, and obtained, postponement of an arbitral hearing in January 2014, where Kolomoisky had asked the LCIA Tribunal to consider an application for clarification filed by him in connection with the Magistrate Judge's questions at the December 19, 2013 hearing.  Because of that delay, the Magistrate Judge properly stayed his ruling on the Motion to Vacate until the expected February or March 2014 LCIA hearing occurs, assuming Pinchuk hires new counsel by then (DE69).

Accordingly, the record here does not support a finding that permissive intervention by the Intervenors would cause Pinchuk prejudice or would otherwise cause undue delay in this proceeding beyond that which has already been occasioned by Pinchuk himself.

## CONCLUSION

The Intervenors respectfully request that this Court reverse the Order on Appeal, and enter an order granting them full intervention rights under Federal Rule of Civil Procedure 24(a) and (b).

Dated:  February 10, 2014                              Respectfully submitted,

                                                                **ASTIGARRAGA DAVIS MULLINS &**
                                                                **GROSSMAN, P.A.**
                                                                *Attorneys for Intervenors*
                                                                1001 Brickell Bay Drive, 9th Floor
                                                                Miami, Florida 33131

Tel: (305) 372-8282
Fax: (305) 372-8202
/s/ Arnoldo B. Lacayo
José I. Astigarraga, Fla. Bar No. 263508
Email: jastigarraga@astidavis.com
Edward M. Mullins, Fla. Bar No. 863920
Email: emullins@astidavis.com
Arnoldo B. Lacayo, Fla. Bar No. 675482
Email: alacayo@astidavis.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2014, I electronically filed the foregoing document
with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being
served this day on all counsel of record or *pro se* parties identified on the attached Service List in
the manner specified, either via transmission of Notices of Electronic Filing generated by
CM/ECF or in some other authorized manner for those counsel or parties who are not authorized
to receive electronically Notices of Electronic Filing.

By: /s/ Arnoldo B. Lacayo

ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.

## <u>SERVICE LIST</u>

IN RE: APPLICATION OF VICTOR MIKHAYLOVICH PINCHUK FOR
JUDICIAL ASSISTANCE IN OBTAINING EVIDENCE IN THIS DISTRICT

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:13-MC-22857-GRAHAM/GOODMAN

| | |
|---|---|
| Richard H. Critchlow, Esq.<br>Elizabeth B. Honkonen, Esq.<br>Jalaine Garcia, Esq.<br>Kenny Nachwalter, P.A.<br>201 S. Biscayne Boulevard<br>Suite 1100<br>Miami, Florida 33131<br>Tel.: (305) 373-1000<br>Email: rcritchlow@kennynachwalter.com<br>Email: ebh@kennynachwalter.com<br>Email: jgarcia@kennynachwalter.com<br><br>*Attorneys for Applicant*<br>*Victor Mikhaylovich Pinchuk* | Jeffrey B. Crockett, Esq.<br>Armando Rosquete, Esq.<br>Benjamin Brodsky, Esq<br>Coffey Burlington, P.L.<br>2699 South Bayshore Drive, PH<br>Miami, Florida 33133<br>Tel.: (305) 858-2900<br>Email: jcrockett@coffeyburlington.com<br>Email: arosquete@coffeyburlington.com<br>Email: bbrodsky@coffeyburlington.com<br><br>*Attorneys for Non-Parties, Felman*<br>*Production LLC, Felman Trading, Inc., CC*<br>*Metals and Alloys, LLC, Georgian American*<br>*Alloys, Inc., and Mordechai Korf* |